**Bradley S. KILPATRICK, Appellant,**

v.

**DIRECTOR OF REVENUE, MISSOURI DEPARTMENT OF REVENUE, Respondent.**

No. 54203.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 30, 1988.

William Moench, Clayton, for appellant.

Kim Duncan, Asst. Pros. Atty., Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Bradley S. Kilpatrick, appeals from the judgment of the St. Louis County Circuit Court affirming the revocation of his driving privileges by the Director of Revenue for a period of twelve months. A single issue was addressed by the court below and is presented here. Appellant alleges that he was prevented from consulting with his attorney before being requested to submit to a chemical breath test and consequently did not make an informed

and unequivocal refusal to take the test. Finding appellant's contention to be without merit, we affirm.

Appellant was stopped by a police officer on February 5, 1987, after committing several traffic offenses. Appellant failed several field sobriety tests administered by the police officer and was arrested for driving while intoxicated at 12:43 a.m. The police officer informed appellant of his rights under both the Missouri Implied Consent Law and the *Miranda* decision. At the scene of his arrest, appellant agreed to take a chemical breath test but then changed his mind. Upon arriving at the police station appellant again declined to take the test and requested to contact his attorney. Appellant was allowed to make three phone calls, but only managed to reach his attorney's answering service. Appellant was then asked a third and last time to submit to a chemical breath test. Appellant refused to take the test.

At trial, the St. Louis County intake supervisor, Robert Haupt, stated that the County's procedure is to allow an arrestee one telephone call to contact his attorney. He further stated that if an arrestee does contact an attorney the chemical breath test will be held up twenty minutes to allow the attorney to arrive at police headquarters. If the attorney does not arrive within twenty minutes, then the motorist must decide to take the test or refuse it. According to the intake supervisor's testimony, county policy is to allow an attorney to speak with a client if the attorney telephones the station within the twenty minute wait period.

Appellant's attorney testified at trial that he received a message from his answering service at 1:32 a.m. informing him that appellant was attempting to locate him. The attorney stated that he attempted to contact his client at the County intake several times; at 1:34 a.m.; at 1:47 a.m.; at 2:05 a.m.; at 2:10 a.m.; and at 2:25 a.m. The attorney conceded on cross-examination that his notes indicated that he made the first call at 1:47 a.m. The attorney testified that the officer he spoke to during the initial call indicated appellant was in the process of taking the test. The attorney claimed that each time he reached the county intake a message was taken and he was told that it would be given to his client.

The intake supervisor testified that no messages were received. He further testified that if the attorney had called while appellant was in the breathalyzer room he would have stopped the process and allowed the attorney to speak with appellant. When pressed on cross-examination the intake supervisor stated that it was possible that another officer may have taken the call without relaying it, but he doubted it seriously for his officers were not trained that way.

■ The testimony of the intake supervisor and appellant's attorney conflicted regarding counsel's attempts to contact his client. But "[w]hen a cause is tried to the bench, the trial judge resolves conflicts in the evidence and determines the credibility of the witnesses and may accept their testimony entirely or in part." *Clark County Sales Co. v. Hester,* 732 S.W.2d 569, 571 (Mo.App., E.D.1987). Furthermore, the record does not indicate whether the attorney's alleged telephone calls were received during the twenty minute period. The arresting officer testified that appellant was arrested at 12:43 a.m. Nothing in the record indicates the time of appellant's arrival at police headquarters or the times of appellant's telephone calls. The attorney's first call to the county intake was made at 1:34 a.m. or 1:47 a.m. Thus, appellant's apparent allegation that the county violated its own internal policy of allowing an arrestee to speak with his attorney if the attorney calls during the twenty minute period is not supported by the record for lack of evidence as to the timing of appellant's calls.

■ Nevertheless, appellant argues that he did not make an informed and unequivocal refusal to submit to the chemical breath test within the meaning of RSMo § 577.041 (1986) in that the police prevented him from consulting with his attorney. Initially, it must be noted that an arrested person does not have a constitutional right to consult with an attorney prior to deciding whether

or not to submit to a breathalyzer test. *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975). Nor does an arrested person have a constitutional or statutory right to have an attorney present at such a test, or to condition his consent to take the test on the presence of his attorney. *Id.* However, this court in *Ikerman* made clear that several statutes and rules of Missouri "confer a limited right to the defendant to consult with counsel, notwithstanding the conclusion that no *constitutional* right to assistance of counsel exists." *State v. Ikerman*, 698 S.W.2d 902, 907 (Mo.App., E.D. 1985). *See* RSMo § 544.170 (1986); Rule 31.01.

■ In this case, appellant was not prevented from attempting to consult with his counsel. The police officer and the intake officer at police headquarters honored appellant's limited statutory right to consult with counsel by allowing him to telephone his attorney. *Curry v. Goldberg*, 614 S.W. 2d 318, 319 (Mo.App., W.D.1981). In fact, appellant was allowed to make three separate phone calls, including at least one to a person other than appellant's attorney. Whether or not appellant was successful in reaching his counsel has no bearing; the controlling issue is whether he was given a reasonable opportunity to do so. In this case, appellant was given several reasonable opportunities to reach his counsel and therefore cannot claim that the police prevented him from consultation.

■ Furthermore, appellant's demand that he must consult with his attorney before he consented to take the chemical breath test constituted a refusal within the meaning of the Missouri Implied Consent statute, RSMo § 577.020 (1986), and the "refusal" statute, RSMo § 577.041 (1986). The court in *Spradling v. Deimeke* clearly states the standard of what constitutes a refusal.

> There is no mysterious meaning to the word "refusal". In the context of the implied consent law, it simply means that an arrestee, after having been requested to take the breathalyzer test, declines to do so of his own volition. Whether the declination is accomplished by verbally saying, "I refuse", or by remaining silent and just not breathing or blowing, into the machine, or by vocalizing some sort of qualified or conditioned consent or refusal, does not make any difference. The volitional failure to do what is necessary in order that the test can be performed is a refusal.

*Id.* at 766. Appellant's refusal to take the test until he spoke directly with his attorney falls clearly within the general rule. To allow appellant to delay the administration of the chemical breath test until he could reach his counsel by phone or in person, could potentially allow him to undermine a test that by its nature only has validity within a limited time span. Under the circumstances of this case the police officer could reasonably conclude that further delay would compromise the validity of the chemical breath test. The police officer's declaration of a refusal was not unreasonable, premature, or arbitrary.

The judgment of the trial court is AFFIRMED.

GRIMM, P.J., and KAROHL, J., concur.