Gay T. WALL, Appellant,

v.

Janette HOLMAN, Director of Revenue, Respondent.

No. WD 49780.

Missouri Court of Appeals, Western District.

June 20, 1995.

Gabriel A. Domjan, Independence, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

Before ULRICH, P.J., and LOWENSTEIN and ELLIS, JJ.

ULRICH, Presiding Judge.

Gay Wall appeals from an order of the Circuit Court of Cass County denying her request to set aside the revocation of her driver's license and privileges. Ms. Wall's license was revoked by the Director of Revenue for refusing to submit to a chemical test pursuant to section 577.041 [1]. The order of the trial court is affirmed.

At approximately 1:20 a.m. on May 8, 1994, Ms. Wall was observed by Officer Michael Catron of the Harrisonville Police Depart-

---

1. All statutory references are to RSMo 1994 un-    less otherwise indicated.

ment driving on the wrong side of the road. Officer Catron immediately responded and caused the driver, Ms. Wall, to stop the vehicle she was driving. After verifying Ms. Wall's driver's license information, Officer Catron arrested her and recited the *Miranda* warnings to her. Next, Officer Catron had Ms. Wall perform certain field sobriety tests that, according to the officer, she failed.

Officer Catron transported Ms. Wall to the police station. After reading her the *Miranda* warnings for the second time in the presence of Sergeant Boyd, Officer Catron began to ask her questions from the Alcohol Influence Report which Ms. Wall refused to answer. Officer Catron then read to Ms. Wall the Missouri Implied Consent Law and requested her to take a breathalyzer test. Claiming she suffered from asthma, Ms. Wall refused to take the breath test and asked to contact an attorney. According to the printout generated by the breathalyzer machine, the time was 1:48 a.m. when Ms. Wall refused the test. She then made two telephone calls in an attempt to contact an attorney but did not get a response from either call.

Ms. Wall was then transferred to the Cass Medical Center for a blood test. After arriving at the hospital, Ms. Wall was again read the Implied Consent Law. She refused to give a blood test at 1:55 a.m. according to the dispatch clock. At that point, the officer determined that Ms. Wall refused to take the tests. Officer Catron testified at trial that he did not offer to let Ms. Wall take the test again. There was a factual dispute at trial regarding whether Ms. Wall asked to contact a lawyer when she was at the hospital.

At the end of the hearing, the trial court found that (1) Ms. Wall was arrested, (2) the arresting officer had reasonable grounds to believe that she was driving a motor vehicle while intoxicated, and (3) she refused to submit to a breathalyzer test. The trial court denied Ms. Wall's application to set aside the revocation of her driving privileges.

Ms. Wall's only point on appeal alleges that the trial court erred in upholding the revocation of her driving privileges by finding that she refused to submit to a chemical test.

Section 577.041 establishes the procedure to revoke a person's driver's license upon the refusal of the driver to submit to a chemical test. "If a person under arrest refuses upon the request of the arresting officer to submit to any test allowed under section 577.020, then none shall be given." § 577.041.1. The arresting officer shall make a sworn report to the Director of Revenue and, upon receipt of the officer's report, the Director shall revoke the license of the person refusing to take the test for a period of one year. §§ 577.041.2 and 577.041.3. If a person's license has been revoked, he may petition for a hearing. § 577.041.4.

At the hearing the judge shall determine only:

(1) Whether or not the person was arrested;

(2) Whether or not the arresting officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and

(3) Whether or not the person refused to submit to the test.

*Id.* If the judge determines any of the issues not to be in the affirmative, the director shall be ordered to reinstate the license. § 577.041.5.

Ms. Wall argues that the trial court erred in finding that she refused to submit to a chemical test and relies on section 577.041.1. Section 577.041.1 provides:

If a person when requested to submit to any test allowed under section 577.020 requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

*Id.* She claims that she was not granted twenty minutes to contact an attorney and, therefore, cannot be deemed to have refused to submit to the test.

Although a driver has no constitutional right to speak to an attorney prior to deciding whether to submit to a chemical test, the statute provides a limited right to seek advice of an attorney. *Green v. Di-*

*rector of Revenue,* 849 S.W.2d 658 (Mo.App. 1993). After requesting to speak to an attorney, a person who is asked to submit to a chemical test is entitled to a reasonable opportunity to make contact with an attorney before deciding whether to refuse a breathalyzer test under the state's implied consent law. *Albrecht v. Director of Revenue,* 833 S.W.2d 40, 42 (Mo.App.1992). Where a motorist requests and is denied a reasonable opportunity to contact an attorney before deciding whether to submit to a breathalyzer test, refusal is not unequivocal and license revocation cannot be upheld. *Id.* A reasonable opportunity has been defined by section 577.041.1 as being twenty minutes from the time a person requests to speak to an attorney.

▪ In the present case, Ms. Wall contends she was only given seven minutes, from 1:48 a.m., the time she first refused and requested an attorney, until 1:55 a.m., the time of her last refusal at the hospital, to contact an attorney. She, therefore, argues that she was not provided a reasonable opportunity to contact a lawyer as specified by section 577.041.1 and cannot be deemed to have unequivocally refused the submit to a chemical test. Ms. Wall's contention is without merit.

The state is entitled to a timely test to determine the driver's blood alcohol content. Because alcohol is water soluble and the human body endeavors to remove it from the blood, the state's interest is to avoid unnecessary delay before the test is administered. Section 577.041.1 represents the General Assembly's solution to satisfy a right to seek legal counsel and the state's compelling need to obtain a timely test.

▪ Thus, the purpose of the "twenty-minute" provision in section 577.041.1 is to provide a motorist with a reasonable opportunity to contact a lawyer. The purpose of section 577.041.1 is met when the driver unsuccessfully attempts to contact a lawyer or lawyers and abandons the attempt. The statutory language permits a motorist up to twenty minutes to contact an attorney if the arrested party wants to speak to an attorney to obtain legal advice. It does not, however, mandate that arresting officers wait until the expiration of the twenty minutes if the driver has made all the attempts he wants to make and reaches a decision to refuse to submit to the test before the twenty minutes has elapsed. To hold otherwise would give a motorist an absolute right to delay the process for twenty minutes even if the person ceases attempting to contact a lawyer and indicates exactly what he intends to do.

▪ The record indicates that Ms. Wall refused the breathalyzer test at the police station and requested to speak to an attorney. She was allowed to make two telephone calls and was unsuccessful in contacting an attorney. She was then transported to the hospital for a blood test. The testimony of Officer Catron and Ms. Wall was conflicting regarding whether she requested to contact an attorney again at the hospital. "When a cause is tried to the bench, the trial judge resolves conflicts in the evidence and determines the credibility of the witnesses and may accept their testimony entirely or in part." *Kilpatrick v. Director of Revenue, Missouri Dep't of Revenue,* 756 S.W.2d 214, 215 (Mo.App.1988) (quoting *Clark County Sales Co. v. Hester,* 732 S.W.2d 569, 571 (Mo.App.1987)). As the trier of fact, the court could believe Officer Catron and find that Ms. Wall abandoned any further attempt to contact a lawyer after her lack of success at the police station and her refusal to take the blood test. Ms. Wall was given a reasonable opportunity to contact an attorney when she was allowed to make two phone calls and ceased in her attempt to obtain legal advice. The trial court did not err in finding that Ms. Wall refused to submit to a chemical test.

The judgment is affirmed.

All concur.