Amy Jo WILMOTH, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

No. WD 50010.

Missouri Court of Appeals,
Western District.

July 11, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Scott Friedrich, Harrisonville, for respondent.

Before ULRICH, P.J., and
LOWENSTEIN and ELLIS, JJ.

ULRICH, Presiding Judge.

The Director of Revenue appeals the reinstatement of Amy Jo Wilmoth's driver's license. Ms. Wilmoth's license had been re-

voked under section 577.041, RSMo1994 [1], for failure to submit to a chemical test as required by the Implied Consent Law. § 577.020. The order reinstating Ms. Wilmoth's driver's license is reversed, and the revocation is reinstituted.

■ To uphold a driver's license revocation for failure to submit to chemical testing, the trial court must affirmatively find that (1) the driver was arrested, (2) the arresting officer had reasonable grounds to believe the driver was driving while intoxicated, and (3) the driver refused to submit to the test. § 577.041.4. Here, Ms. Wilmoth's arrest and the officer's reasonable grounds are not disputed—the trial court found those issues in the affirmative. The reinstatement resulted from the finding that Ms. Wilmoth did not refuse to submit to the test. In finding no refusal, the trial court cited the arresting officer's lack of compliance with section 577.041.1 for failure to allow Ms. Wilmoth an additional twenty minutes to contact legal counsel after she was advised of the Implied Consent Law and noted Ms. Wilmoth qualified her refusal to submit to the test on speaking with counsel.

### Background

At 1:20 a.m. on May 21, 1994, Police Officer Largent stopped a car for speeding. Ms. Wilmoth, the driver, exhibited signs of alcohol intoxication and then failed four field sobriety tests. As a result, Officer Largent arrested Ms. Wilmoth at 1:25 a.m. for driving while intoxicated. At the arrest scene, the officer told Ms. Wilmoth that she would be transported to the police station for breath testing. Ms. Wilmoth replied that she would not take the test.

At 1:39 a.m., at the police station, Officer Largent read Ms. Wilmoth her rights to remain silent and to talk to a lawyer according to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). When Ms. Wilmoth indicated that she wanted to talk to her attorney, Officer Largent allowed her forty minutes to contact her attorney.

During that time, Ms. Wilmoth made three telephone calls. She first called her attorney

and left a message on his answering machine. She then called the attorney's secretary who said the attorney was out of town. As Ms. Wilmoth waited, the secretary found and gave Ms. Wilmoth the number of another attorney. Ms. Wilmoth called the second attorney, but could not contact him. After the third telephone call, Ms. Wilmoth indicated to the officer that she had completed her attempts to contact an attorney.

Officer Largent attempted to interview Ms. Wilmoth for the Alcohol Influence Report. At 2:23 a.m., Ms. Wilmoth refused to answer Officer Largent's questions by stating that she would not do anything until she spoke with her attorney. Officer Largent then advised Ms. Wilmoth of the Implied Consent Law and asked her to take a breath test. At 2:27 a.m., Ms. Wilmoth again replied that she would not do anything until she spoke with her attorney. Officer Largent considered Ms. Wilmoth's reply to be a refusal to submit to testing. He filed the affidavit with the Director of Revenue that resulted in the revocation of Ms. Wilmoth's driver's license.

### Reinstatement

In finding no refusal and in reinstating Ms. Wilmoth's license, the trial court literally applied the provisions in section 577.041.1 that allow a driver who requests to speak to an attorney twenty minutes to contact an attorney. The twenty-minute provisions were added by amendment and became effective in July 1992; they appear in the third and fourth sentences of section 577.041.1 in the following context:

If a person under arrest refuses upon the request of the arresting officer to submit to any test allowed under section 577.020, then none shall be given and evidence of the refusal shall be admissible in a proceeding under section 565.024 or 565.060, RSMo, or section 577.010 or 577.012. The request of the arresting officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of his refusal to take the test may

1. All statutory references in this opinion are to RSMo 1994.

be used against him and that his license shall be immediately revoked upon his refusal to take the test. *If a person when requested to submit to any test allowed under section 577.020 requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney. If upon completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal....*

The trial court reasoned that the Implied Consent Law advice and request in the second sentence of section 577.041.1 trigger the twenty-minute period to contact an attorney. According to the trial court, Ms. Wilmoth's twenty minutes began after the officer's reading the Implied Consent Law advice, not the *Miranda* warning.

### Appeal

■ The Director argues that the reinstatement was erroneous because Ms. Wilmoth was properly informed of her rights and was given a sufficient opportunity to contact a lawyer in compliance with the spirit of section 577.041.1. Ms. Wilmoth has not filed a brief.

At issue in this case is whether section 577.041.1 requires that a driver who requests an attorney after receiving the Implied Consent Law advice be given an additional twenty minutes to contact an attorney when the driver previously had more than twenty minutes to do so after being arrested, being informed of her rights according to *Miranda*, and being asked to submit to the chemical test.

■ A driver arrested on charges of driving while intoxicated is entitled to a *Miranda* warning and to advice according to

section 577.041.1 on the Implied Consent Law. The *Miranda* warning and the Implied Consent Law advice involve different rights derived from different sources. Both provide for a right to counsel. Both advise arrestees of rights and the consequences of waiving those rights. Both permit arrestees to make informed choices about exercising their rights.

■ The *Miranda* warning advises an arrestee who faces custodial interrogation of the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to assistance of counsel. Under *Miranda*, 384 U.S. at 470, 86 S.Ct. at 1625–26, the right to counsel encompasses both the right to consult with counsel before questioning, and the right to have counsel present during questioning.

■ The Implied Consent Law advice relates to the arrested driver the reasons for requesting the chemical test, the option of refusing the test, and the consequences of refusal. Under the Implied Consent Law in section 577.020.1, a driver who drives on a public highway and who is arrested for driving while intoxicated is deemed to have consented to a chemical test to determine blood alcohol content. Although a driver impliedly consents to a chemical test by driving a motor vehicle in Missouri, the advice required by section 577.041.1 allows a driver to withdraw that consent by refusing the test.

■ In contrast to the *Miranda* warning, the Implied Consent Law advice makes no specific reference to the right to counsel. A driver has no *constitutional* right to speak with an attorney before deciding whether to submit to a chemical test or to have an attorney present during testing.[2] *Spradling*

2. *Spradling v. Deimeke*, 528 S.W.2d 759, 765–66 (Mo.1975), recognizes that drivers may become confused when receiving both the *Miranda* warning and the Implied Consent Law advice. As a result of that confusion, drivers might honestly believe that they could condition their consent on having an attorney present during the test or on actually consulting with an attorney before the test. The Confusion Rule requires the officer to clarify the situation before a confused driver can validly refuse to submit to the test. The Confusion Rule is not applicable unless the officer's statements induced the confusion and unless the

driver objectively and unequivocally manifested misunderstanding about the *Miranda* warning and Implied Consent Law advice. Any lack of understanding not made apparent to the officer is inconsequential. *Spradling*, 528 S.W.2d at 766; *see* Landis, D., *Request Before Submitting to Chemical Sobriety Test to Communicate with Counsel As Refusal to Take Test*, 97 A.L.R.3d 852 (1980).

Although this appeal presents no point on the Confusion Rule, hearing testimony indicated some confusion on Ms. Wilmoth's part. Ms.

*v. Deimeke,* 528 S.W.2d 759, 764 (Mo.1975); *Green v. Director of Revenue,* 849 S.W.2d 658, 659 (Mo.App.1993). However, under section 544.170 and Rules 31.01 and 37.13, a person arrested and held in custody has a limited right, upon request, to consult with counsel or others. *State v. Ikerman,* 698 S.W.2d 902, 907 (Mo.App.1985). In exercising the limited right to consult with counsel, the arrestee is permitted to use a telephone. Rules 31.01 and 37.13.

█ The addition of the twenty-minute provisions to section 577.041.1 reflects the driver's limited right to seek the advice of an attorney before deciding whether to submit to chemical testing. *Wall v. Holman,* 902 S.W.2d 329 (Mo.App., W.D., 1995). Before the twenty-minute provisions were added to section 577.041.1, case law interpreted the limited right to consult an attorney as allowing drivers a reasonable opportunity to contact an attorney when they asked to do so following a request to submit to chemical testing. *Green,* 849 S.W.2d at 660; *see, e.g., Albrecht v. Director of Revenue,* 833 S.W.2d 40, 41–42 (Mo.App.1992); *Kilpatrick v. Director of Revenue,* 756 S.W.2d 214, 216 (Mo. App.1988). Section 577.041.1 now defines "reasonable opportunity" as twenty minutes from the time the driver is requested to submit to chemical testing and then asks to speak with an attorney. *Wall,* at 331. The purpose of the twenty-minute provisions is to allow a driver a reasonable opportunity to contact an attorney. *Id.* at 331. That purpose is fulfilled when the driver unsuccessfully attempts to contact an attorney and abandons the attempt. *Id.* at 331.

Here, when Ms. Wilmoth received the *Miranda* warning at the police station, she was aware of the impending chemical test. The officer had explained at the arrest scene that she would be transported to the police station for breath testing. When Ms. Wilmoth invoked her *Miranda* right to counsel, the officer allowed her to use the telephone for

forty minutes. She made three calls attempting to contact two attorneys. After her third call, Ms. Wilmoth indicated to the officer that she had completed her attempts to contact an attorney. Ms. Wilmoth admitted in her hearing testimony that she did not expect either attorney to call her back. The officer stopped questioning, and honored Ms. Wilmoth's *Miranda* right to remain silent. After receiving the formal Implied Consent Law advice, Ms. Wilmoth again stated that she would not do anything until she spoke with her attorney. The officer treated that statement as a refusal of the breath test. The trial court found that the statement could not be deemed a refusal because Ms. Wilmoth had not been allowed twenty minutes to contact counsel *after* being advised of the Implied Consent Law.

In finding no refusal, the trial court relied on the literal language of section 577.041.1: "If a person **when requested to submit to any test** ... requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney." The trial court, however, disregarded Ms. Wilmoth's earlier opportunity to contact counsel. The *Miranda* warning and the Implied Consent Law advice involve overlapping rights to counsel. The officer fulfilled the purpose of the twenty-minute provisions of section 577.041.1, the reasonable opportunity to consult an attorney. When Ms. Wilmoth invoked her *Miranda* rights, the officer allowed her forty minutes to use the telephone to contact counsel. Further, the officer waited for Ms. Wilmoth to indicate the completion of her attempts to contact an attorney. As a result, Ms. Wilmoth had a reasonable opportunity to contact counsel, and subsequently abandoned her attempt. *See Wall,* at 331.

█ The twenty-minute provisions of section 577.041.1 are satisfied when the driver has a reasonable opportunity of up to twenty minutes to contact an attorney after being informed of the obligation to submit to

Wilmoth related that she assumed she was limited to only two telephone calls in her attempt to contact an attorney. She also indicated that she thought she was entitled to actually consult with her attorney before deciding to take the test. On the other hand, the officer testified that Ms. Wilmoth appeared to understand her rights.

These circumstances failed to require clarification under the Confusion Rule. Nothing indicated that the officer had induced confusion and nothing established that Ms. Wilmoth had manifested misunderstanding.

chemical testing and after receiving the *Miranda* warning even though the driver again requests an attorney after receiving the Implied Consent Law advice. Once the purpose of the statute has been satisfied, to allow the driver an additional twenty minutes would cause unwarranted delay. The state is entitled to a timely test to determine the driver's blood alcohol content. *Wall*, at 331. The twenty-minute provisions of section 577.041.1 represent the General Assembly's solution to satisfy the driver's right to seek counsel and the state's compelling need to obtain a timely test. *Id.*

▅▅▅▅▅ In the context of the Implied Consent Law, a "refusal" means declining of one's own volition to take the chemical test when requested to do so. *Spradling*, 528 S.W.2d at 766. The form of the refusal makes no difference. *Id.* A refusal can occur by saying "I refuse," by remaining silent, by not blowing into the machine, or by vocalizing some qualified or conditional consent or refusal. *Id.* If a driver qualifies a refusal to submit to chemical testing on consulting with counsel but receives no reasonable opportunity to attempt to do so, no refusal results under section 577.041.4(3). *Albrecht*, 833 S.W.2d at 42. Conversely, if a driver qualifies a refusal on consulting with counsel, but actually received a reasonable opportunity to attempt to do so, a refusal occurs under section 577.041.4(3). *Kilpatrick*, 756 S.W.2d at 216. Here, Ms. Wilmoth's qualified refusal amounted to an unequivocal refusal because she had experienced a reasonable opportunity to contact an attorney.

In finding no refusal under section 577.041.4(3), the trial court erroneously declared and erroneously applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Consequently, the order reinstating Ms. Wilmoth's driver's license is reversed. The revocation of Ms. Wilmoth's driver's license is hereby reinstituted for the remaining statutory period.

All concur.