Steven K. WITEKA, Petitioner/Appellant,

v.

DIRECTOR OF REVENUE,
Respondent/Respondent.

No. 67526.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1996.

Rothman, Sokol, Adler & Sarachan, P.C., Robert S. Adler, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Ronald D. Pridgin, Sp. Assistant Attorney General, Mo. Dept. of Revenue, Jefferson City, for Respondent.

KAROHL, Judge.

Petitioner, Steven Witeka, appeals from a denial of his request for review of the revocation of his driver's license based on his alleged refusal to take a breathalyzer test. Witeka argues his effort to contact an attorney was impeded. We affirm.

On October 16, 1994, Witeka was stopped for speeding in Shelby County. The arresting officer, Trooper Donald Schmitz, suspected intoxication and administered field sobriety tests. He testified Witeka passed the alphabet portion of the field sobriety test; was given the finger to nose test, regarding which Schmitz made no notation; and he failed the walking and standing on one leg portions. Schmitz then transported Witeka to the sheriff's office to take the breathalyzer test. Schmitz testified Witeka asked to speak to an attorney, but he did not recall whether Witeka talked to his attorney or not. He testified area phone books were available to him, but not a St. Louis one.

Witeka testified he wanted to speak to his attorney and was given a number which proved to be his attorney's farm where he left a message.

Deputy Chinn, testified Witeka was too intoxicated to dial, but he told him he could use the phone to call whomever he wanted. Then he went into another office. Witeka was taken into the dispatcher's office about 30 feet away. Chinn could not testify regarding the conversation in the dispatcher's office. The Director did not call the dispatcher to testify. Schmitz testified without objection:

I can only tell you what the chain of events were. He refused—or he agreed to take the test at the scene. When he was presented with the breath test, then he decided he wanted to contact his attorneys. He was given, then, time to make whatever

phone calls he wanted to make, to whoever [sic] he wanted to, to seek advice. After he tried to make contact or made contact with him, then the question was asked again. He refused.

In its order, the court found:

Did the implied refusal to allow petitioner to attempt to ascertain the correct number not afford petitioner reasonable opportunity to contact an attorney? The question appears to be one of first impression in Missouri. The petitioner may have received the same number as the person making inquiry of the long distance information operator, but petitioner could have inquired whether it was a residential listing, or whether his attorney had other listed phone numbers.

Section 577.041.1 contains no guarantee the arrestee will make contact. It requires no assistance to the arrestee in using a phone. Actions such as here found from the evidence leave personnel assisting an arrestee open to the accusation they somehow obstructed contact. The court finds petitioner was not given a reasonable opportunity to contact his attorney in St. Louis.

However, [§] 577.041.1 RSMo states the arrestee shall be given a reasonable opportunity to contact "an" attorney. Petitioner abandoned his efforts. No evidence exists that he knew no other attorneys or that he would have been refused permission to contact attorneys listed in the local phone book. The court finds petitioner had reasonable opportunity to speak to an attorney. Therefore[,] the court finds petitioner unequivocally refused to submit to the test.

■ "In a court tried case, we affirm the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declared or applied the law." *McMurray v. Director of Revenue,* 800 S.W.2d 820, 821 (Mo.App.1990) (*citing Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

■ Section 577.041.1 RSMo 1994 provides in pertinent part:

If a person when requested to submit to any test allowed under section 577.020 requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

We have reversed a revocation when the licensee was denied a reasonable opportunity to contact an attorney. *Albrecht v. Director of Revenue,* 833 S.W.2d 40, 42 (Mo.App.1992).

Missouri courts have held that an arrested person has no constitutional right to speak with an attorney prior to deciding whether or not to submit to a breathalyzer test ... a defendant does have a limited right to confer with counsel despite the fact no constitutional right to assistance of counsel exists. *Id.* at 41.

■ "The purpose of section 577.041.1 is met when the driver unsuccessfully attempts to contact a lawyer ... and abandons the attempt." *Wall v. Holman,* 902 S.W.2d 329, 331 (Mo.App.W.D.1995). In *Wall* the court found the defendant had abandoned her attempts to contact an attorney. *Id.* At the police station, defendant had refused the breathalyzer test until she spoke with an attorney. *Id.* She made two unsuccessful attempts and was transported to the hospital for a blood test. *Id.* The court heard conflicting evidence regarding whether defendant asked to speak to an attorney at the hospital before refusing to take the breathalyzer test. *Id.* "It is sufficient that an arrestee is given a reasonable opportunity to consult counsel or anyone else he wishes to speak with on his behalf." *McMurray v. Director of Revenue,* 800 S.W.2d at 822.

Here in the trial court's order, it found Witeka was not given a reasonable opportunity to contact "his" attorney, but was given a reasonable opportunity to contact "an" attorney. The statute provides for the opportunity to attempt to contact "an" attorney, not necessarily a particular attorney. In this case the court heard undisputed testimony from Trooper Schmitz that Witeka was given the opportunity to make phone calls to contact whomever he wanted. Afterward he was again asked to take the breathalyzer test

and he refused. Deputy Chinn testified, without objection, Witeka was too intoxicated to dial, but he told him he could use the phone to call whomever he wanted. Witeka testified, without objection, he asked to speak to his attorney, was given the number for the farm owned by his attorney, left a message on his answering machine, and repeated his request to speak to his attorney before taking the breathalyzer test.

 "When a cause is tried to the bench, the trial judge resolves conflicts in the evidence and determines the credibility of the witnesses and may accept their testimony entirely or in part." *Wall v. Holman,* 902 S.W.2d at 331. Here, the testimony of Trooper Schmitz and Witeka was in conflict. The trial court determined the credibility of the witnesses, and resolved the conflict in testimony. It acted within its discretion to accept or reject testimony before it found Witeka was given a reasonable opportunity to contact an attorney. There was evidence to support the finding.

In his second point Witeka argues the Director failed to carry his burden to prove Witeka refused to submit to the breathalyzer test. However, Trooper Schmitz testified Witeka refused to take the test after he had an opportunity to contact an attorney. Point denied.

REINHARD, P.J., and DOWD, J., concur.