Tom A. KRAKOVER, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 83009.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 24, 2004.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dustin J. Allison, Jefferson City, for appellant.

Lawrence C. Sumner, St. Louis, for respondent.

WILLIAM H. CRANDALL, JR., Judge.

The Director of Revenue (Director) appeals from the judgment setting aside the revocation of Tom Krakover's driving privileges. We affirm.

Director notified Krakover that his driving privileges would be revoked for one year for refusing to submit to a chemical test of his blood. Krakover filed a petition for review in the circuit court. The case was assigned to a traffic commissioner.

At the hearing before the traffic commissioner, Steven Lockwood, a police officer for the City of Frontenac, Lawrence Sumner, an attorney, and Krakover testified. Officer Lockwood stated that on the morning of September 17, 2001, he responded to a dispatch call of an automobile accident. Upon arriving at the scene, the complainant told the officer that someone struck his vehicle and drove off. Officer Lockwood then began an "area canvass" to find the vehicle. Krakover came out of the first house he came to and stated "It was me. I hit the car." Officer Lockwood took Krakover into custody for leaving the scene of an accident. Officer Lockwood found a prescription bottle with pills and two syringes, one empty and one with a yellow liquid, in Krakover's pockets. Officer Lockwood observed that Krakover appeared very sleepy and his eyes were watery. Officer Lockwood arrested Krakover for "driving while intoxicated" and read him the Missouri Implied Consent Law at the station. Krakover requested an attorney at 10:35 a.m. and the officer permitted Krakover to make a telephone call. During direct examination, Officer Lockwood stated that Krakover was able to talk to who he believed was Lawrence Sumner. On cross-examination, Officer Lockwood testified that he knew Krakover spoke to Sumner because it was in his "report." Officer Lockwood stated that in a space provided in the alcohol influence report he wrote that the person phoned for advice was Lawrence Sumner. According to the officer, Krakover stated

that he could not perform the test and "said something about his arteries or something." The officer wrote in the alcohol influence report that Krakover refused to submit to chemical test of his blood at 10:48 a.m. In the narrative portion of the alcohol influence report, Officer Lockwood did not write anything regarding Krakover's request to contact an attorney or his phone call.

Krakover testified that he struck the vehicle and left the scene. Krakover stated that after being advised of the implied consent law he asked to call his attorney. He called his attorney's phone number and left a message stating he "was arrested for leaving the scene of a crime at Frontenac and to get ahold of me." According to Krakover, when Officer Lockwood said he wanted him to take a blood test he said, "I was trying to get ahold of my attorney." Krakover also testified that he has a medical condition that prevents him from giving blood and that he told Officer Lockwood about this condition. Krakover explained that he had an adrenaline insufficiency, had been "on I.V.'s" for two and one-half years and had scar tissue in his veins. Krakover further explained that two "porta-caths" installed in his chest at hospitals had been removed and there "was no simple way to get venous access." During cross-examination, Krakover was asked whether after he was permitted to call his attorney he recalled telling Officer Lockwood that he contacted his attorney. Krakover responded "I didn't say anything after that." Krakover further testified that he never refused to take the test but rather said that he did not believe he "could take the test." Krakover also admitted that on the day of the accident his license was revoked.

Sumner testified that he was the attorney that Krakover called. Sumner stated that Krakover "left a message on my voicemail and said that he was at the Frontenac police department and needed my help, and as soon as I got off the phone I returned that call." Sumner also stated that when he returned the call he was told that Krakover was under arrest and he was not allowed to speak to him. When asked whether he called "within the twenty minutes," Sumner responded "Oh, right away."

The commissioner denied Krakover's petition and sustained Director's revocation of Krakover's driving privileges. The commissioner found that the arresting officer had probable cause to arrest Krakover for driving while intoxicated and that Krakover refused to submit to a chemical test.

Krakover filed a motion for rehearing before a circuit judge. Krakover argued that he was not given twenty minutes to contact an attorney and did not abandon his attempts to contact an attorney. Krakover also contended that he was physically unable to give blood because of a venous access problem that made it "a life threatening situation to give blood without the attendance of vascular professionals. . . ." The circuit court granted the motion and the case was submitted on the record, including the transcript from the hearing. The court found that there was insufficient evidence to find that Krakover refused to submit to the test "and had not ceased making an attempt to speak to his lawyer in the 20 minute period." The court ordered that if otherwise eligible, Krakover's driving privileges be reinstated. Director appeals from this judgment, raising two points.

■■■ We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hinnah v. Director of Revenue,* 77 S.W.3d 616, 620

(Mo. banc 2002). However, we are not required to defer to a trial court's judgment when "the evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence...." *Id.* The issues at a post-revocation hearing "are limited to: (1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test." *Id* (citing section 577.041.4). Director has the burden of proof at the hearing. *Id.*

■ Section 577.041.1 RSMo.2000, states in part, "If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to contact an attorney. If upon the completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal." When a person conditions a refusal on consulting with an attorney but is not given a reasonable opportunity to do so, the person is not deemed to have refused to submit to a chemical test. *Bacandreas v. Director of Revenue,* 99 S.W.3d 497, 500 (Mo.App. E.D.2003). A reasonable opportunity has been legislatively defined by section 577.041.1 as twenty minutes. *Id.*

The record reflects that Krakover requested to contact an attorney at 10:35 a.m. and his refusal was shown to have occurred at 10:48 a.m. The circuit court found that there was insufficient evidence that Krakover "had not ceased making an attempt to speak to his lawyer in the 20 minute period." In the first point, Director argues that the circuit court erred because Krakover refused the blood test "even after being given additional time to contact counsel, and without qualifying or indicating that he needed additional time to consult with counsel."

■ "The purpose of the twenty-minute provision in section 577.041.1 is to provide a person with a reasonable opportunity to contact an attorney." *Id.* This purpose is met when the person unsuccessfully attempts to contact an attorney and abandons the attempt. *Id.* Section 577.041 does not mandate that an arresting officer wait until the twenty-minute period has expired if the person has made all the attempts he or she wants to make and reaches a decision to refuse to submit to the test before the twenty minutes has elapsed. *Id.* "To hold otherwise would give a motorist an absolute right to delay the process for twenty minutes even if the person ceases attempting to contact a lawyer and indicates exactly what he intends to do." *Wall v. Holman,* 902 S.W.2d 329, 331 (Mo.App. W.D.1995). In addition, the failure to satisfy the requirements of section 577.041.1 does not automatically warrant relief to a person, but instead requires that the person be actually prejudiced as a result of an officer's non-compliance with the statutory requirements. *Bacandreas,* 99 S.W.3d at 500. Under the actual prejudice standard, the issue is whether the person suffered any actual prejudice as a result of being denied twenty minutes to contact an attorney after being advised of the Implied Consent Law. *Id.* Director bears the burden of showing that the person was not actually prejudiced. *Id.*

In the present case, Krakover was not given twenty minutes to contact his attorney. Review of Officer's Lockwood's testimony indicates that he was basing his assertion that Krakover talked to Sumner because he wrote Sumner's name in the space provided in the alcohol influence report for the name of person contacted for

advice. Officer Lockwood did not testify that Krakover told him that he actually contacted his attorney or that he was abandoning his attempt to do so. Officer Lockwood also made no reference to Krakover's attempt to contact his attorney in the narrative portion of the alcohol influence report. At one point during cross-examination, Krakover testified that he did not say anything about contacting his attorney after being given an opportunity to do so. During direct examination, Krakover testified that when Officer Lockwood said he wanted him to take a blood test he said, "I was trying to get ahold of my attorney." Sumner testified that Krakover "left a message on my voicemail and said that he was at the Frontenac police department and needed my help, and as soon as I got off the phone I returned that call." When asked whether he called "within the twenty minutes," Sumner responded "Oh, right away." Under these circumstances, Director did not meet the burden to prove that Krakover abandoned his attempt to contact his attorney prior to the expiration of the twenty-minute period or that Krakover was not actually prejudiced. Director's first point is denied.

 In the second point, Director argues that the circuit court's judgment was against the weight of the evidence. Director states that "where the circuit court rehears cases pursuant to [section] 479.500.4, without hearing evidence anew, the court is not positioned to reweigh facts or make credibility determinations, and absent such a hearing cannot overturn the commissioner's factual findings."

Section 479.500 RSMo. Supp.2002 provides that a traffic court may be established in the Twenty–First Judicial Circuit and provides for other provisions related to the establishment of such a court. Subsection 3 states that "traffic court judges also may be authorized to act as commis-sioners to hear in the first instance petitions to review decisions of the department of revenue or the director of revenue filed pursuant to sections 302.309 and 302.311, RSMo, and, prior to January 1, 2002, pursuant to sections 302.535 and 302.750, RSMo." Subsection 4 states:

After January 1, 2002, traffic judges, in addition to the authority provided in section 3 of this section, may be authorized by local court rule adopted pursuant to article V, section 15 of the Missouri Constitution to conduct proceedings pursuant to section 302.535, and 302.750, RSMo, subject to procedures that preserve a meaningful hearing before a judge of the circuit court, as follows:

(1) Conduct the initial call docket and accept uncontested dispositions of petitions to review;

(2) The petitioner shall have the right to the de novo hearing before a judge of the circuit court, except that, at the option of the petitioner, traffic judges may hear in the first instance such petitions for review.

Local Rule 62 of the Twenty–First Judicial Circuit states in part:

C. Any party to a cause of action heard by a traffic commissioner seeking a rehearing of the commissioner[']s finding and recommendations shall file a motion for rehearing by a judge with the clerk of the traffic commissioner who heard the case.... The motion shall contain specific references to the relevant portions of the transcript from the hearing before the traffic commissioner. The judge assigned the motion for rehearing shall review the motion on the pleadings and any attachments and determine if further argument or proceedings are required or if the motion shall be

granted or denied in the discretion of the judge.

Here, Krakover filed a motion for rehearing before a circuit judge that the circuit court granted. Thereafter, the circuit court entered an order that unless Director objected the case would be submitted on the record. Director did not object and the record included the transcript from the hearing.

 Director emphasizes that the circuit court did not hear live testimony. We agree with Director's assertion that because the circuit court did not actually hear testimony, it could not make a credibility determination based on witness demeanor. But the circuit court could consider the record submitted including the transcript to which Director did not object. Director further asserts that the circuit court failed to grant due deference to the traffic commissioner as the finder of facts. There is no statutory requirement that the circuit court defer to the commissioner's findings. "A traffic judge simply makes a recommendation to the judge regarding the merits and defenses of a traffic violation or offense." *Dabin v. Director of Revenue*, 9 S.W.3d 610, 614 (Mo. banc 2000). Once the court granted the motion for rehearing it could reach its own findings and render judgment based on the submitted record. This comports with the statutory scheme that provides for a hearing before a circuit judge. Director's second point is denied.

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J., and LAWRENCE E. MOONEY, J., concur.