Ronald Garrett BLAND, Petitioner–Respondent,

v.

### DIRECTOR OF REVENUE, Respondent–Appellant.

No. SD 30350.

Missouri Court of Appeals, Southern District, Division One.

Oct. 22, 2010.

Chris Koster, Attorney General, Jonathan H. Hale, Special Assistant Attorney General, Jefferson City, MO, for Appellant.

Kyle E. Walsh, Moore, Walsh & Albright L.L.P., Poplar Bluff, MO, for Respondent.

GARY W. LYNCH, Judge.

The Director of Revenue ("Director") appeals from the trial court's judgment ordering reinstatement of the driver's license of Ronald Garrett Bland after administrative revocation pursuant to section 577.041,[1] for Bland's refusal to submit to a breathalyzer test after he was arrested for driving while intoxicated. Director contends that the trial court erroneously applied the law in reinstating Bland's license "solely on the basis that speeding is not an [indicium] of intoxication." Finding such error, we reverse the trial court's judgment and remand with directions.

### Factual and Procedural Background

Following administrative revocation of his driving privileges for refusal to submit to chemical testing, Bland sought review in the Circuit Court of Shannon County, in accordance with section 577.041.4. The parties appeared for hearing on December 15, 2009. Neither party requested a record be made of the proceeding, thus no transcript exists. Rather, according to the trial court's judgment, "[t]he parties submitted the case upon the certified record of the [Director]." The judgment characterizes this record as the "undisputed facts."

Director's certified record consisted of Bland's Missouri Driver Record; Director's notice of revocation and fifteen-day driving permit (Form 4323); a five-page Alcohol Influence Report (Form 2389), which included the arresting officer's Alcohol Influence Report Narrative;

---

1. References to section 577.041 are to RSMo Cum.Supp.2009.

and a copy of the highway patrol's uniform citation issued to Bland for the offense of driving while intoxicated. The arresting officer's narrative disclosed the following.

On February 14, 2009, Corporal C.A. Hogue stopped Bland on U.S. Highway 60 in Shannon County, "for exceeding the posted 60 mile per hour speed limit by 22 miles per hour." When he made contact with Bland, Corporal Hogue "noticed his eyes were bloodshot and glassy, his speech was slurred, and he had the strong odor of an alcoholic beverage about his person." Hogue also observed that Bland "had a blank or staring look," which Hogue noted he had observed "in many intoxicated subjects." When Hogue inquired how much Bland had to drink, Bland denied having anything to drink. After Hogue instructed Bland to exit his vehicle and take a seat in his patrol car, Hogue noted that Bland "swayed while he walked and he walked with uncertainty." Bland refused to participate in field sobriety testing when requested by Hogue and handed Hogue an attorney's business card that stated on its back side that he did not want to take any sobriety tests. Hogue asked Bland if he was refusing "all my field sobriety tests," and Bland stated he would not take any. Hogue determined that Bland was intoxicated and placed Bland under arrest.

 After transport to the Shannon County Jail, Hogue "read [Bland] the implied consent."[2] Afterward, Hogue gave Bland a telephone book, provided a tele-phone, and allowed Bland twenty minutes in which to contact an attorney.[3] Bland called his cousin. When Hogue asked Bland if he wanted to call his attorney, Bland stated he did not need to "because it could wait until the morning." After twenty minutes, Hogue asked Bland if he would submit to a chemical test of his breath, and Bland refused. Hogue issued Bland uniform traffic citations for speeding, operating a motor vehicle without a valid license, and operating a motor vehicle while in an intoxicated condition.

On December 18, 2009, the trial court entered its judgment, which included the following findings:

The alcohol influence report reflects that the officer stopped [Bland] because he was speeding. When he approached the driver, the officer observed [Bland's] eyes to be glassy and bloodshot. The driver's speech was slurred. There was a strong odor of intoxicants on [Bland]. When asked if he had been drinking, [Bland] denied drinking alcohol. The officer also noted that [Bland] swayed when walking to the patrol car.

No field sobriety tests were administered as [Bland] refused to submit to them.

The trial court included in its judgment the following guidance in determining "whether the arresting officer had reasonable grounds to believe that the person

---

**2.** "Under the Implied Consent Law in section 577.020.1, a driver who drives on a public highway and who is arrested for driving while intoxicated is deemed to have consented to a chemical test to determine blood alcohol content." *Wilmoth v. Dir. of Revenue*, 903 S.W.2d 595, 598 (Mo.App.1995). Pursuant to section 577.041.1, any request to submit to a chemical test "shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test." This advice is often referred to as the Implied Consent Law advice. *See Wilmoth*, 903 S.W.2d at 598.

**3.** According to section 577.041.1, a driver arrested for driving while intoxicated has "a limited right to seek the advice of an attorney before deciding whether to submit to chemical testing." *Wilmoth*, 903 S.W.2d at 599.

was driving a motor vehicle while in an intoxicated condition":

> The probable cause required for the suspension or revocation of a driver's license is the level of probable cause necessary to arrest a driver for an alcohol-related violation. *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987). That level of probable cause will exist "when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist." *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo.App. 2001). Probable cause, for the purposes of section 302.505 will exist "when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed." *Smyth v. Director of Revenue*, 57 S.W.3d 927, 930 (Mo.App.2001). The level of proof necessary to show probable cause under section 302.505 "is substantially less than that required to establish guilt beyond a reasonable doubt." *Id.* "There is a 'vast gulf' between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable doubt." *Rain*, 46 S.W.3d at 588. The trial court must assess the facts "by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer." *Cox v. Director of Revenue*, 37 S.W.3d 304, 307 (Mo.App.2000).

*Brown v. Dir. of Revenue*, 85 S.W.3d 1, 4 (Mo. banc 2002).

In the next paragraph, the trial court found that "[i]n applying the standard set out in *Brown* to the undisputed facts in this case the court finds that the officer had probable cause to believe that [Bland] was operating his motor vehicle while he was intoxicated." Nevertheless, the trial court continued in that paragraph to state that

> [t]he only fact not present in this case from those in which probable cause was found without the administration of the field sobriety tests is speeding. The officer stopped the vehicle because [Bland] was speeding and not because he observed any "erratic" driving by [Bland]. However, the standard only requires that the officer observe illegal operation of a motor vehicle. Speeding is an illegal operation of a motor vehicle. It does not support the second prong whether there are indicia of intoxication.

In its judgment, the trial court then sustained Bland's petition for reinstatement and ordered Director to remove the revocation. Director timely appealed.

### *Standard of Review*

On appeal, the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010).[4] No deference is given to the trial court's findings in cases where, as here, the evidence is uncontested. *Id.* at 308. Evidence is deemed uncontested

---

4. *White* involved the review of a driver's license suspension under section 302.535, rather than the review of a revocation under section 577.041, as here. Because of the similarities in these statutes, however, our Supreme Court "has cited to section 577.041 cases interchangeably with section 302.535

cases when discussing the issues related to probable cause, the standard of review, and the deference given to implicit and explicit factual findings." *White*, 321 S.W.3d at 305, n. 6. We do likewise in this opinion without any further indication or discussion.

"when the issue before the trial court involves only stipulated facts and does not involve resolution by the trial court of contested testimony[.]" *Id.* In cases where the evidence is uncontested, "the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts stipulated." *Id.* "If the trial court erroneously declared or applied the law, its judgment will be afforded no deference on appeal." *Pontius v. Dir. Revenue,* 153 S.W.3d 1, 3 (Mo.App.2004).

### Discussion

■ In her sole point relied on, Director contends that "[t]he trial court erred in reinstating Bland's driver's license because it erroneously applied the law in that the trial court did not find any relevant issue under § 577.041, RSMo, against the Director but ruled against the Director solely on the basis that speeding is not an [indicium] of intoxication." We agree.

■ "If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred." § 577.041.4. In such proceedings, section 577.041.4 expressly limits the trial court's inquiry regarding the revocation to three issues: whether the person was arrested or stopped; whether, in this case, the officer had reasonable grounds to believe that petitioner was driving while in an intoxicated or drugged condition; and whether petitioner refused to submit to a chemical test. § 577.041.4(1)–(3). "If the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive." § 577.041.5. "Reasonable grounds," as used in the second issue mentioned in section 577.041.4, is synonymous with proba-

ble cause. *White,* 321 S.W.3d at 305, n. 6; *Guhr v. Dir. Revenue,* 228 S.W.3d 581, 584 (Mo. banc 2007); *Hinnah v. Dir. Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002).

The uncontested record discloses that Bland was arrested and that he refused to submit to a chemical test. Thus, the first and third issues in the trial court's inquiry under section 577.041.4 are in the affirmative.

As to the second issue in the trial court's inquiry under section 577.041.4, the trial court specifically found that the officer had probable cause to believe that Bland was driving while he was intoxicated. This was a proper legal conclusion for the trial court to draw from the uncontested record.

■ "Probable cause ... exists when an officer observes a traffic violation or erratic vehicle operation and, after stopping the vehicle, notices indicia of driver intoxication." *White v. Dir. of Revenue,* 946 S.W.2d 277, 279 (Mo.App.1997). Here, the arresting officer stopped Bland for speeding and, upon contact with him, observed the following: glassy and bloodshot eyes, slurred speech, a strong odor of intoxicants, swaying while walking, walking with uncertainty, and the refusal to submit to field sobriety tests. The odor of intoxicants, bloodshot eyes, slurred speech, and a driver's refusal to submit to field sobriety tests have previously been held to be indicia of intoxication. *Edwards v. Dir. of Revenue,* 295 S.W.3d 909, 914 (Mo.App. 2009). Likewise, erratic walking has been recognized as an indicium of intoxication. *Hawkins v. Dir. of Revenue,* 7 S.W.3d 549, 551 (Mo.App.1999). The trial court's affirmative finding on this issue is correct regardless of whether Bland's speeding, which prompted the initial stop, is considered an indicium of intoxication.

Under the uncontested record in this case, all three issues before the trial court

under section 577.041.4 are in the affirmative. Section 577.041.5 provides for the reinstatement of Bland's driver's license only if one of those issues is *not* found to be in the affirmative. Therefore, the trial court's judgment setting aside the revocation and reinstating Bland's driver's license misapplies the law as set forth in section 577.041 and is erroneous. Director's point is granted.

### Decision

The trial court's judgment is reversed, and the case is remanded to the trial court with directions to enter a judgment affirming the Director's revocation of Bland's driver's license.

BARNEY, P.J., and BURRELL, J., concur.