Opinion issued June 23, 2016



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00479-CV

———————————

## MARVINELL HARLAN, Appellant

## V.

## TEXAS DEPARTMENT OF INSURANCE, DIVISION OF WORKERS' COMPENSATION (TDI-DWC), DR. IKEDINOBI ENI, AND ADMINISTRATIVE HEARING OFFICER JACQUE COLEMAN, Appellees

---

On Appeal from the 190th District Court
Harris County, Texas
Trial Court Case No. 2013-64138-A

---

## MEMORANDUM OPINION

Appellant Marvinell Harlan appeals from a take-nothing judgment rendered after pleas to the jurisdiction and Rule 91a motions to dismiss were granted in favor of appellees, Texas Department of Insurance, Division of Workers'

Compensation (TDI-DWIC) (the "Division"), Dr. Ikedinobi Eni, and Administrative Hearing Officer Jacque Coleman. In her brief, Harlan raises six issues, all of which challenge the trial court's failure to inquire about the factual basis for her claims. The appellees argue that the trial court properly dismissed the claims.

We agree that the claims were properly dismissed. The Division and its administrative hearing officer both enjoyed sovereign immunity. Because Harlan did not plead any basis to overcome Dr. Eni's statutory immunity from liability, *see* TEX. LAB. CODE § 413.054, the claim against him had no basis in law. Accordingly, we affirm.

## Background

Marvinell Harlan was a middle-school math teacher for the now-defunct North Forest Independent School District. In January 2012, she tripped and fell on the way to her classroom. Harlan hit her head on a cement block and was taken to a hospital for emergency care. She later filed a claim for worker's compensation benefits. In particular, she sought additional-income payments. Those were denied based on the report of the designated doctor, Dr. Ikedinobi Eni, who concluded that Harlan had reached maximum medical improvement by May 17, 2012, and that she had a whole-body impairment rating of 0%.

Harlan contested this decision. After a contested-case hearing, Administrative Hearing Officer Jacque Coleman determined that Harlan was not entitled to additional-income payments. An appeals panel affirmed the decision, and Harlan sought judicial review in the district court, filing suit against North Forest ISD, the Division, Dr. Eni, and Administrative Hearing Officer Coleman. The Division, Dr. Eni, and Coleman filed a plea to the jurisdiction, alleging immunity, and a Rule 91a motion to dismiss. The trial court granted both the plea to the jurisdiction and the Rule 91a motion. It severed these orders making the dismissal of Harlan's claims against these defendants final. Harlan filed an appeal.

**Analysis**

On appeal, Harlan raises six issues challenging the trial court's take-nothing judgment. In all six issues, generally, Harlan challenges the trial court's failure to inquire about the factual allegations forming the basis for her claims. However, as explained below, the dismissal of these claims was based on purely legal considerations rather than the facts relating to her disagreement with the denial of worker's compensation benefits.

## I. Sovereign immunity of state agency

In the trial court, the Division asserted that it had sovereign immunity from suit and that Harlan had not pleaded a valid waiver of immunity. Sovereign immunity protects the State, its agencies, and their officers by affording them

3

immunity from suit and immunity from liability. *See City of Houston v. Downstream Envtl.*, 444 S.W.3d 24, 32 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). A plea to the jurisdiction based on sovereign immunity challenges a trial court's subject-matter jurisdiction. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). The purpose of a plea to the jurisdiction is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Ordinarily, a plea to the jurisdiction will be decided "without delving into the merits of the case." *Id.* We review de novo the trial court's ruling on a plea to the jurisdiction. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (per curiam).

The Texas Department of Insurance is a state agency. TEX. LAB. CODE § 402.001. In her petition, Harlan did not plead any waivers of sovereign immunity. Thus, we conclude that the Division retained sovereign immunity. As such, the trial court properly granted the plea to the jurisdiction in favor of the Division.

## II. Statutory immunity of designated doctor

Dr. Eni was the designated doctor, appointed by the Division to examine Harlan. *See id.* § 408.0041(a). In her petition, Harlan alleged that she was dissatisfied with his opinion because it was based on incomplete information. Dr.

4

Eni's plea to the jurisdiction and Rule 91a motion asserted that he was immune from liability because he performed his duties as the designated doctor in good faith, that Harlan's claims against him had no basis in law, and that the court could offer her no relief against him.

Under the Labor Code, the designated doctor "has the same immunity from liability as the commissioner." *Id.* § 413.054. "The commissioner is not liable in a civil action for an act performed in good faith in the execution of duties as commissioner." *Id.* § 402.00123. Nowhere in Harlan's petition does she allege that Dr. Eni failed to act in good faith or acted in bad faith.

Rule 91a permits a party to move to dismiss a cause of action on the grounds that it has no basis in law or fact. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.

Harlan's allegations against Dr. Eni are essentially that his report and findings are incorrect. As pointed out in the appellees' brief, this is a factual question to be resolved in Harlan's suit for judicial review in her case against North Forest ISD. But even taking the factual allegations as true, Harlan has pleaded no legal basis to overcome Dr. Eni's statutory immunity from liability. TEX. LABOR CODE § 413.054. As such, her cause of action has no basis in law, and the trial court correctly dismissed the claims against him. *See* TEX. R. CIV. P. 91a.

5

### III.    Immunity of administrative hearing officer

Coleman was the administrative hearing officer who presided over Harlan's contested-case hearing. In her petition, Harlan alleged that Coleman signed the decision that was appealed and failed to grant continuances. Harlan also complained that Coleman refused to consider her evidence but did consider Dr. Eni's report, noted Harlan's disagreement with Dr. Eni's findings in writing, erred by making a factual determination based on weighing the evidence, and advised the insurance carrier's attorney to pay an overdue ambulance bill.

Generally, a public official sued in her official capacity is protected by the same sovereign immunity as the state agency she represents. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007); *Downstream Envtl.*, 444 S.W.3d at 32. We already have determined that the trial court properly granted the plea to the jurisdiction in favor of the Division on the basis of sovereign immunity. As an employee and official of the Division, Coleman likewise was immune from suit. *See Koseoglu*, 233 S.W.3d at 844; *Downstream Envtl.*, 444 S.W.3d at 32. Coleman also was immune from suit because judicial immunity applies to administrative law judges and similar quasi-judicial officials. *See Sledd v. Garrett*, 128 S.W.3d 592, 594 (Tex. App.—Houston [14th Dist.] 2003, no pet.).

Ultra vires claims are an exception to this sort of immunity. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 369–70 (Tex. 2009). An ultra vires claim seeks

to compel a state actor to comply with a nondiscretionary duty. *See id.* at 372. To assert an ultra vires claim, the plaintiff must not complain of the official's exercise of discretion, but instead must allege and prove that the state official "acted without legal authority or failed to perform a purely ministerial act." *Id.* Harlan's petition did not allege that Coleman failed to perform a purely ministerial act. She questioned Coleman's performance of her discretionary functions as an administrative hearing officer. For that, Coleman enjoys immunity, and the trial court properly granted the plea to the jurisdiction.

## Conclusion

We overrule all of Harlan's issues, and we affirm the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Higley, Bland, and Massengale.