**Amiel C. GREEN, Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. WD 46860.**

Missouri Court of Appeals, Western District.

March 16, 1993.

Willis L. Toney, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and BERREY and SPINDEN, JJ.

PER CURIAM.

Amiel C. Green's driver's license was revoked because of his failure to submit to a chemical test of the alcoholic content of his blood. Following a hearing pursuant to § 577.041.2, RSMo Supp.1992, the revocation was upheld by the trial court. Green now appeals, claiming that the arresting officer ignored his request to speak with an attorney prior to taking a breathalyzer test.

The judgment is affirmed.

At the hearing, the arresting officer provided an account of the events which provoked the revocation of Green's driver's license. Officer Paul Mills of the Kansas City, Missouri Police Department testified that he arrested Green after Green had failed to stop at a red light and then failed to satisfactorily perform several field sobriety tests.

Officer Mills testified that, at the station, he informed Green of his Miranda rights, including his right to have an attorney present while being questioned. Officer Mills stated that he then asked Green to answer some questions, and Green replied that "he would rather wait until his attorney was present." Officer Mills testified that he next asked Green to submit to a breathalyzer test, and he explained to Green that a refusal would result in a one-year revocation of Green's driver's license. Nevertheless, Green refused to take the test.

Green also testified at the hearing, and provided a different account of the events at the police station. When asked if he affirmatively asked to contact his lawyer after Officer Mills informed him of his Miranda rights, Green replied, "I made it clear that I would like to speak to my lawyer now." According to Green, Officer Mills replied, "You can't—I doubt if your lawyer would contact you back at this hour." Green also claimed that Officer Mills did not tell him that his driver's license would be revoked for one year if he refused to take the breathalyzer test.

In his sole point on appeal, Green claims that the evidence clearly established that he requested to confer with his attorney prior to taking the breathalyzer test, and that he was not given an opportunity to contact his attorney before he had to decide whether to submit to the test. Therefore, he argues, the trial court erred in finding that he had unequivocally refused to take the test.

■ Missouri courts have held that an arrested person has no constitutional right to speak with an attorney prior to deciding whether or not to submit to a breathalyzer test. *Albrecht v. Director of Revenue,* 833 S.W.2d 40, 41 (Mo.App.1992). However, the current version of § 577.041.1, RSMo Supp.1992, which was in effect at the time of Green's arrest, does provide a limited statutory right to seek the advice of an attorney. That statutory subsection provides, in part, that "[i]f a person when

■■■■■■■■■■■■■■■■■■■

requested to submit to any test allowed under section 577.020 requests to speak to an attorney, he shall be granted twenty minutes in which to attempt to contact an attorney."

This statutory provision is consistent with existing Missouri case law. This court has held that if an arrested driver asks to contact his attorney before taking a breathalyzer test, and if the police do not allow him to do so, then a subsequent refusal to take the test will not be considered to be unequivocal. *Dorrell v. Director of Revenue,* 717 S.W.2d 559, 561 (Mo.App. 1986).

■■■■■ As the aforementioned case law and the express language of the statute make clear, this limited right to contact an attorney is not triggered unless the arrested driver specifically requests to talk to his lawyer. In his brief, Green claims that he made such a request, and his contention is based upon his own testimony before the trial court. However, the arresting officer testified that, while Green did say that he would rather wait until his lawyer was present to answer questions, he never made a specific request to contact his lawyer.

The trial court necessarily found the arresting officer's testimony to be more credible, as all fact findings must be considered as having been found in accordance with the result reached. *Winters v. McNeill,* 772 S.W.2d 749, 753 (Mo.App.1989). The credibility of witnesses is for the trier of fact and we must defer to its findings and conclusions. *Oliver v. McNeill,* 767 S.W.2d 568, 569 (Mo.App.1988).

Accordingly, the judgment of the trial court is affirmed.