Johnathon W. SWEATT, Respondent,

v.

DIRECTOR OF REVENUE, STATE
OF MISSOURI, Appellant.

No. 20976.

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 28, 1997.

Jeremiah W. (Jay) Nixon, Attorney General, James A. Chenault, III, Special Asst. Attorney General, Mo. Dept. of Revenue, Jefferson City, for appellant.

Bruce E. Colyer, Osage Beach, for respondent.

GARRISON, Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment reinstating the driving privileges of Johnathon Sweatt (Petitioner) following a trial *de novo*. We reverse and remand.

On April 2, 1995, Officer Charles Manes of the Camdenton Police Department was monitoring traffic when he observed a vehicle swerve into the turn lane and weave within that lane. Officer Manes stopped the vehicle to investigate after watching the vehicle swerve into the turn lane for a second time.

When the vehicle stopped, the officer observed the driver (Petitioner) switch positions with a female passenger. When he approached the vehicle, Officer Manes noticed a strong odor of intoxicants when the driver's door was opened. When the officer asked the female passenger why she had switched places with the Petitioner, she said that he had asked her to. In response to a question from the officer about whether he had been drinking, Petitioner, who was sixteen years old, said that he had had one beer. After Petitioner failed three of four field sobriety tests, he was arrested for driving while intoxicated and taken to the Camden County Sheriff's office.

Petitioner consented to a chemical test of his breath after being told the reasons the officer was requesting that he submit to a breath test, that evidence of a refusal to take the test may be used against him, and that his license shall be immediately revoked upon his refusal to take the test, all as required by § 577.041.1.[1] The test indicated that Petitioner had a BAC of .12%.

Petitioner's license was suspended pursuant to § 302.505.1.[2] Thereafter, he sought and obtained a trial *de novo* in the circuit court as permitted by § 302.535.1.[3] At the trial *de novo*, the following were admitted into evidence on the stipulation of the parties: the report of the arresting officer, the citation issued, the testing checklist, a printout of the test results, the maintenance report of the test device used, and the municipal driving while intoxicated ordinance for

---

1. Statutory references are to RSMo 1994 unless otherwise indicated.

2. Section 302.505.1 states the following:
   The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

3. Section 302.535.1 states the following:

Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court. The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county where the arrest occurred. The case shall be decided by the judge sitting without a jury. The presiding judge of the circuit court may assign a circuit judge or an associate circuit judge to hear such petition.

the City of Camdenton. The Petitioner presented no additional evidence.

In its formal judgment, the trial court stated simply that the Director "failed to meet its burden of proof" and reinstated Petitioner's driving privileges. A docket entry made by the court prior to its formal judgment provides an explanation for its decision. That entry stated, in part:

> Court notes that the central issue for review is whether the State has met its burden to sustain the revocation of the driving privileges of a sixteen year old driver. The Court finds that but for the age issue, there would be sufficient evidence to support the [Petitioner's] revocation. However, the core issue of what procedures were appropriate and necessary to sustain the revocation against a sixteen year old driver alters the outcome of this case.

The court continued, saying that although the arresting officer knew Petitioner was a juvenile, he did not advise him of any "*Miranda*"[4] rights, including his right to talk with counsel; he was not told that he could talk with a parent or guardian, and he did not confer with any such persons prior to being asked to take the test; and although the appeal was civil, failure to advise Petitioner of his basic "*Miranda*" rights was "such a fundamental violation of constitutional rights" that the court found that Petitioner did not voluntarily consent to the test, nor did he refuse to take it. The court also noted that the better procedure would have been to appoint a next friend for Petitioner, but that it would rule the same, whether or not a next friend were appointed. Therefore, it concluded that Rule 52.02(m)[5] applied, and there was no reason to appoint a person in that capacity.

■ We review the circuit court's judgment in accordance with the standards prescribed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). On appeal, the decision of the circuit court will be affirmed unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the circuit court erroneously declares or misapplies the law. *Id.*; *see also Kimber v. Director of Revenue*, 817 S.W.2d 627, 629–30 (Mo.App. W.D.1991).

In its sole point relied on, the Director argues the following:

> The court below erred in setting aside the suspension of [Petitioner's] driving privilege because said suspension was proper, in that whether he was advised of his right to counsel prior to the breath test is irrelevant, regardless of the fact that he was a juvenile at the time of his arrest.

■ "A suspension of driving privileges pursuant to § 302.505.1 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) that the driver had been driving at a time when his or her BAC was at least .10% by weight." *Sitzes v. Director of Revenue*, 928 S.W.2d 3, 5 (Mo.App. E.D. 1996). The Director must prove these two elements by a preponderance of the evidence. *Covington v. Director of Revenue*, 903 S.W.2d 673, 675 (Mo.App. E.D.1995).

In its docket entry, the trial court recognized that but for Petitioner's age, there was sufficient evidence to support Petitioner's license suspension. It seemed to conclude, however, that the officer was required to give Petitioner a "*Miranda*" warning, and tell him he was entitled to speak with an attorney before taking the test.

■ A trial *de novo* pursuant to § 302.535 is a civil proceeding. *James v. Director of Revenue*, 767 S.W.2d 604, 612 (Mo.App. S.D.1989); *see also Kimber v. Director of Revenue*, 817 S.W.2d at 631. "*Miranda*" type warnings are not required in proceedings which are civil in nature. *See In Interest of L.A.H.*, 622 S.W.2d 319, 323 (Mo. App. E.D.1981). In addition, a request to

---

4. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

5. Rule 52.02(m): **Failure to Appoint Next Friend or Guardian Ad Litem.** Failure to appoint a next friend or guardian ad litem for a minor or a mentally or physically infirm person shall not invalidate the proceedings if the court finds that the interests of the minor or the mentally or physically infirm person were adequately protected.

take a breath test does not involve interrogation of an arrested person. *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975). The exclusionary rule does not apply in the instant case. *See James v. Director of Revenue*, 767 S.W.2d at 612; *see also In re Littleton*, 719 S.W.2d 772, 775 n. 2 (Mo. banc 1986)("evidence obtained in an illegal or unethical manner is not subject to an exclusionary rule except in criminal cases").

 Petitioner argues in his brief that he was entitled to a *"Miranda"* warning because of the provisions of § 211.059.[6] He acknowledges, however, that the juvenile code is not applicable under these facts. *See* § 211.031.1(2) and (3). Section 211.059.1 establishes the requirement of a *"Miranda"* warning only if a child is taken into custody for a violation of the juvenile code, or the general law which would place the child under the jurisdiction of the juvenile court by reason of § 211.031.1(2) or (3). Neither is applicable here. Additionally, § 211.059.1 requires such warning only "prior to questioning." In the instant case, Petitioner was not interrogated by the officers. He was only asked if he would take the breath test. According to *Spradling v. Deimeke*, 528 S.W.2d at 764, that is not interrogation.

In addition, Missouri courts have held that an arrested person has no constitutional right to speak with an attorney prior to deciding whether or not to submit to a breathalyzer test. *Spradling v. Deimeke*, 528 S.W.2d at 764; *Green v. Director of Revenue*, 849 S.W.2d 658, 659 (Mo.App. W.D. 1993). Although § 577.041.1 grants an individual twenty minutes to contact an attorney when asked to submit to a breath test, that provision is triggered only if that person specifically requests to speak to an attorney. *See Green v. Director of Revenue*, 849 S.W.2d at 659–60.

Pursuant to the above authorities, the right to request that a person take a breath test is not conditioned upon that person being advised of his rights under *"Miranda,"* or being told, when he is requested to take the test, that he can consult with an attorney.

We have been cited to no statutory or case authority which supports the trial court's judgment, which was apparently based on contrary conclusions.

We hold that the trial court's judgment was an erroneous application of the law. Accordingly, we reverse and remand with directions that the trial court enter a judgment reinstating the suspension of Petitioner's driving privileges.

BARNEY, P.J., and PREWITT, J., concur.

---

6. Section 211.059.1 provides that a *"Miranda"* warning is required:

"When a child is taken into custody by a juvenile officer or law enforcement official, with or without a warrant for an offense in violation of the juvenile code or the general law which would place the child under the jurisdiction of the juvenile court pursuant to subdivision (2) or (3) of subsection 1 of section 211.031...."