**Marty Paul MAYFIELD, Petitioner–
Respondent,**

v.

**DIRECTOR OF REVENUE,
Respondent–Appellant.**

No. 24902.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 25, 2003.

Petition for Rehearing and Transfer Denied
March 18, 2003.

Application for Transfer Denied
April 22, 2003.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, Special Asst. Atty. Gen., for Appellant.

No brief filed by Respondent.

JAMES K. PREWITT, Presiding Judge.

Director appeals the reinstatement of Respondent's driving privileges following a finding by the trial court that "Director failed to provide explicit proof that the requirements of § 577.041 [RSMo 2000] were met."

The judgment of the trial court is presumed to be correct and must be affirmed under any reasonable theory supported by the evidence unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Kidd v. Wilson,* 50 S.W.3d 858, 860, 862 (Mo.App. 2001). A trial court may accept or reject all, part or none of the testimony of any witness, and this Court must defer to the ability of the trial court to judge the credibility of a witness and ascertain the facts. *Id.* at 863.

■ "A trial court's judgment in a § 577.041 revocation case is to be affirmed under any reasonable theory supported by the evidence." *Jarrell v. Director of Revenue,* 41 S.W.3d 42, 46 (Mo.App.2001). In determining the sufficiency of evidence, this Court views the evidence and all reasonable inferences drawn therefrom in the light most favorable to the trial court's judgment and disregards all contrary evidence and inferences drawn therefrom.

*Reece v. Director of Revenue,* 61 S.W.3d 288, 291 (Mo.App.2001).

On or about February 29, 2000, Officer Jason Long of the West Plains Police Department stopped a maroon station wagon bearing truck license plates registered to a 1980 Chevy pickup. The driver, Marty Paul Mayfield, was accompanied by the owner of the vehicle and another passenger. Both the officer and Mayfield testified the owner was intoxicated.

Officer Long observed that Mayfield's eyes were watery and bloodshot. Long also detected "a very strong odor of intoxicants," and noticed that Mayfield seemed unbalanced when standing. Mayfield admitted he had consumed three beers prior to the stop.

At Long's request, Mayfield submitted to three field sobriety tests: the one-legged stand test; the walk-and-turn test; and the gaze nystagmus test. Long determined that Mayfield failed all three. He subsequently arrested Mayfield and requested that Mayfield submit to a breathalyzer test.

Mayfield made two attempts to take the test. Long testified that Mayfield was blowing out of the sides of his mouth and would not sustain a continuous, steady stream of air to enable the machine to produce a valid measurement. Long deemed the failures to provide adequate samples as a refusal to submit and he issued to Mayfield the notice of revocation.

Mayfield petitioned for a review of the revocation and applied for hardship driving privileges and a stay of the revocation. In his petition, Mayfield alleged, in part, that he did not receive a proper request by the officer to submit to a chemical test and that he did not refuse to submit to a chemical test. The Director answered Mayfield's petition, attaching as Exhibit A the Department of Revenue's Forms 4323 and 2389, the arresting officer's narrative, copies of two Uniform Complaint and Summons issued to Mayfield, and the Department's Datamaster Maintenance Report, Certificate of Analysis and Evidence Ticket.

On January 17, 2002, a hearing was held on Mayfield's petition, after which the trial court took the matter under advisement. As provided by § 577.041.4, an assistant prosecuting attorney appeared on Director's behalf. Petitioner was represented by counsel. Pursuant to an order filed January 28, 2002, the trial court granted the parties five additional days to file suggestions with the trial court on the issue of whether the Director met her burden in providing sufficient evidence that Officer Long complied with the notice requirements under § 577.041, RSMo 2000. Judgment was filed March 14, 2002, ordering the Director to reinstate the driving privileges of Mayfield.

Upon a petition for review of revocation of driving privileges for a refusal to submit to a chemical test, the trial "court shall determine only: (1) Whether or not the person was arrested or stopped; (2) Whether or not the arresting officer had: (a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; ... and (3) Whether or not the person refused to submit to the test." § 577.041.4, RSMo 2000. Should the trial court determine any issue not to be in the affirmative, the Director shall be ordered to reinstate the driver's license. § 571.041.5, RSMo 2000.

Here, the trial court found in favor of the Director on the first two issues, but concluded "that the minimum due process requirements of § 577.041.1 RSMo have not been met." The trial court further found, in part:

At trial in this case, the arresting officer testified that he read [Mayfield] the "implied consent" off the "alcohol influence report." Unfortunately, neither the alcohol influence report nor the specific language of the implied consent form were placed into evidence. Mayfield did not admit he had been read the "implied consent." He denies that he refused to take the breathalyzer test.

. . . .

In this case, the Director failed to provide explicit proof that the requirements of § 577.041.1 were met. Unlike the facts of *Zimmerman*[ *v. Director of Revenue*], [988 S.W.2d 583 (Mo.App.1999)] Mayfield made no admission that the Implied Consent Law was read. The Director offered no evidence Mayfield waived his claim to more explicit proof of the contents of the warnings. . . . The Director failed to produce sufficient evidence to meet her burden of proof.

■ In its sole point relied on, Director contends that the trial court "erred in setting aside the revocation of Respondent's driving privilege because the revocation was proper, in that the evidence indicating Respondent was read the 'Implied Consent' off the Alcohol Influence Report was sufficient to establish compliance with § 577.041.1 in lieu of Respondent objecting to this testimony or otherwise being prejudiced by a deficiency in the warning."

Missouri's "implied consent law," § 577.020, provides that "[a]ny person who operates a motor vehicle upon the public highways of this state shall be deemed to have given consent to . . . a chemical test or tests of the person's breath, blood, saliva or urine for the purpose of determining the alcohol or drug content of the person's blood . . . ." Section 577.020.1, RSMo.

■ Section 577.041.1 requires that certain information must be provided to an arrestee who is requested to submit to a chemical test pursuant to § 577.020. "The request of the officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test." § 577.041.1. "No refusal is valid if this statutorily necessary information is not conveyed." *Hinton v. Director of Revenue*, 990 S.W.2d 207, 208 (Mo.App. 1999).

■ "[I]mplied consent can be voluntarily withdrawn, but an officer must warn an individual of the consequences of such withdrawal or refusal, i.e., revocation of their license for one year." *Zimmerman v. Director of Revenue*, 72 S.W.3d 634, 636 (Mo.App.2002). "No refusal is valid if the arresting officer's 'request' omits statutorily necessary information." *Brown v. Director of Revenue*, 34 S.W.3d 166, 171 (Mo. App.2000). Revocation is conditioned upon an officer making a "statutorily sufficient 'request' " that a driver submit to chemical testing. *McMaster v. Lohman*, 941 S.W.2d 813, 816 (Mo.App.1997).

At the hearing on Mayfield's petition for review, Director presented testimony from the arresting officer and entered into evidence Mayfield's driving record, designated as Exhibit A. However, the Department of Revenue's Form 2389, the Alcohol Influence Report containing the "implied consent warning" was not introduced into evidence at trial.

Regarding his compliance with § 577.041.1's warnings requirement, the arresting officer testified as follows:

Q. [by assistant prosecutor] What, if anything, did you do when you got into the police station?

A. "At that time I read him his Miranda rights, and he advised that he understood those. And then I also read him Implied Consent off the Alcohol Influence Report, and he advised that he understood that. And he agreed to take the test."

 "[T]he burden of proof is on the Director in reviews of revocation due to refusal to submit to chemical tests." *Bennett v. Director of Revenue*, 889 S.W.2d 166, 171 (Mo.App.1994). "It is implicit in the Director's burden that he proves a proper refusal of the chemical test." *Brown*, 34 S.W.3d at 170. "Director must establish that the driver was properly informed under the Implied Consent Law in order to prove that the driver's refusal to take the blood alcohol test warrants revocation of his or her license." *Kidd*, 50 S.W.3d at 863.

 "The director is required ... to put into evidence that which the fact finder is asked to consider." *Wampler v. Director of Revenue*, 48 S.W.3d 32, 35 (Mo. 2001) (overruling *Lane v. Director of Revenue*, 996 S.W.2d 117, 118 (Mo.App.1999), "[t]o the extent that *Lane* finds that records filed by the director are sufficient, although the records are never introduced into evidence, it should no longer be followed.") "Merely filing a document 'does not put it before the court as evidence.'" *Wampler*, 48 S.W.3d at 35, *citing Hopkins v. Hopkins*, 664 S.W.2d 273, 274 (Mo.App. 1984).

The trial court implicitly made a credibility determination when it entered judgment against Director. Specifically, it disbelieved Officer Long's testimony that he read the implied consent language to Respondent, which was its prerogative. Consequently, there was no evidence that the required warnings were provided to Mayfield. As such, the trial court did not err in finding Director failed to meet her burden of proof.

The judgment is affirmed.

RAHMEYER, C.J., and SHRUM, J., concur.