**Robert W. AKERS, Appellant,**

v.

**DIRECTOR OF REVENUE,**
**Respondent.**

No. WD 65722.

Missouri Court of Appeals,
Western District.

March 28, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 2006.

Application for Transfer Denied
June 30, 2006.

Bruce B. Brown, Kearney, for Appellant.

James A. Chenault, III, Jefferson City, for Respondent.

Before JAMES M. SMART, P.J., ROBERT G. ULRICH, and Lisa WHITE HARDWICK, JJ.

ROBERT G. ULRICH, Judge.

Robert Akers appeals the judgment of the trial court upholding the revocation of his driving privileges for refusing to submit to a chemical test, section 577.041, RSMo 2000.[1] In his sole point on appeal, Mr. Akers claims that his refusal to submit to the chemical test was not knowing and voluntary because the arresting officer failed to advise him of his right to consult

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

an attorney prior to his refusal. The judgment of the trial court is affirmed.

## Facts

Officer Brandon Clariday of the Richmond, Missouri, Police Department was on patrol at approximately 1:25 a.m. on November 26, 2004, when he saw two Dodge pickup trucks parked on East Lexington impeding the flow of traffic. He parked the patrol vehicle behind the pickup trucks. He exited the police vehicle and advanced toward one of the trucks with flashlight in hand. As he walked toward the pickup, it departed. Officer Clariday returned to his vehicle and pursued the pickup with his emergency lights activated. The pickup was driven to a residence and was parked in the driveway. Officer Clariday parked his vehicle and approached the pickup. He found two occupants, Robert Akers, the driver, and a female passenger within the truck. When Officer Clariday asked Mr. Akers why he had been parked on the side of the road, he immediately noticed the odor of alcohol. He then asked Mr. Akers if he had been drinking, and Mr. Akers responded that he had had one beer. Officer Clariday also observed a cup in the center console of the truck with an unknown liquid in it.

Officer Clariday observed that Mr. Akers' eyes were bloodshot and glassy, that his speech was slurred, and that he mumbled like he was confused when he spoke. Officer Clariday asked Mr. Akers to exit his vehicle and walk to a parking lot next door because the yard of the residence was muddy. In the parking lot, Officer Clariday administered three field sobriety tests, the HGN, the walk and turn, and the one leg stand. Mr. Akers failed all three tests, and Officer Clariday arrested him for driving while intoxicated and transported him to the police station.

At the station, Officer Clariday read Mr. Akers the Implied Consent Law. He then asked Mr. Akers to submit to a breath test, and Mr. Akers refused. Officer Clariday next asked Mr. Akers to submit to a blood test, which Mr. Akers also refused. Following Mr. Akers' refusal, Officer Clariday read the *Miranda* warnings to him.

In accordance with section 577.041, the Director of Revenue revoked Mr. Akers' driver's license. Mr. Akers subsequently filed an application for hearing in the circuit court under section 577.041. Following the hearing, the trial court entered its judgment upholding the Director's revocation of Mr. Akers' driving privileges. This appeal by Mr. Akers followed.

In his sole point on appeal, Mr. Akers claims that the trial court erred in upholding the revocation of his driving privileges for refusal to submit to a chemical test. He contends that his refusal to submit to the chemical test was not knowing and voluntary because the arresting officer failed to advise him prior to the refusal that he had a right to consult an attorney.

## Standard of Review

The trial court's ruling in this case will be affirmed on appeal unless it is not supported by substantial evidence, is against the weight of the evidence, or misstates or misapplies the law. *Brown v. Dir. of Revenue*, 34 S.W.3d 166, 169 (Mo. App. W.D.2000) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). To uphold the revocation of driving privileges for refusal to submit to a chemical test, the trial court shall determine only the following: (1) whether the driver was arrested; (2) whether the arresting officer had reasonable grounds to believe that the driver was driving while intoxicated; and (3) whether the driver refused to submit to the test. *Id.* The Director of Revenue has the burden of proof, and failure to satisfy

this burden will result in reinstatement of the driver's license. *Id.*

### Discussion

 Under Missouri law, a person operating a vehicle is deemed to have impliedly consented to a chemical test for blood alcohol content if certain prerequisites are met. § 577.020.1; *Brown*, 34 S.W.3d at 171. A driver may withdraw that consent; however, the consequence of such withdrawal is revocation of the driver's license. § 577.041.1; *Brown*, 34 S.W.3d at 171. Because of the severity of the consequence, the General Assembly requires a driver arrested for driving while intoxicated to have been given certain advice. *Id.* The Implied Consent Law, section 577.041.1, mandates that the driver be given a warning of the State's request for the test and the consequence of refusal. *Id.* Revocation of a driver's license for refusal to submit to a chemical test is conditioned upon the arresting officer making a statutorily sufficient request that the driver take the test. *Brown*, 34 S.W.3d at 171 (quoting *Lorton v. Dir. of Revenue*, 985 S.W.2d 437, 440 (Mo.App. W.D.1999)). A statutorily sufficient request is one that complies with the requirements of section 577.041.1. *Id.* The statute states, in pertinent part:

> The request of the officer shall include the reasons of the officer for requesting the person submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test. If a person when requested to submit to any test allowed pursuant to section 577.020 requests to speak to an attorney, the person shall be granted twenty minutes in which to attempt to contact an attorney. If upon completion of the twenty-minute period the person continues to refuse to submit to any test, it shall be deemed a refusal.

§ 577.041.1. The requirement of section 577.041 that the driver be advised of certain rights permits the driver to make informed choices about exercising his rights. *Brown*, 34 S.W.3d at 171. A refusal is not valid if the arresting officer's request omits statutorily necessary information. *Id.* If the driver does not make a voluntary withdrawal of the statutory implied consent, then his refusal cannot be the basis for revocation of his license. *Id.*

 A driver has no constitutional right to speak to an attorney before deciding whether to submit to a chemical test administered in accordance with section 577.041. *Spradling v. Deimeke*, 528 S.W.2d 759, 764 (Mo.1975); *Wall v. Holman*, 902 S.W.2d 329, 330 (Mo.App. W.D. 1995). The Implied Consent Law, however, provides a limited right to seek the advice of an attorney. § 577.041.1; *Wall*, 902 S.W.2d at 330–31. The statute grants a driver twenty minutes to contact an attorney when asked to submit to a chemical test. § 577.041.1; *Wall*, 902 S.W.2d at 331; *Sweatt v. Dir. of Revenue*, 940 S.W.2d 540, 543 (Mo.App. S.D.1997). As indicated by the express language of the statute, the right to contact an attorney is triggered only if the driver specifically requests to talk to his lawyer. *Sweatt*, 940 S.W.2d at 543; *Green v. Dir. of Revenue*, 849 S.W.2d 658, 660 (Mo.App. W.D.1993). If an arrested driver, who asks to contact his attorney before taking a chemical test, is denied the opportunity to do so, a subsequent refusal to take the test is not unequivocal. *Wall*, 902 S.W.2d at 331; *Green*, 849 S.W.2d at 660. This right to counsel is provided by the civil statute and is not an extension of any constitutional rights recognized by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Brown*, 34 S.W.3d at 171. The

right to counsel expressed under *Miranda* is absolute and unconditional in that no time limit limits its application and no adverse consequence is permitted for refusing to speak to authorities. *Id.* at 172. Conversely, the right to counsel under section 577.041.1 is qualified and conditional in that the driver is entitled to only twenty minutes to attempt to contact and speak to a lawyer and an adverse consequence results for failing to submit to chemical testing after the twenty minutes has expired. *Id.* Law enforcement's authority to request a driver to take a chemical test is not conditioned upon that person being advised of his *Miranda* rights or being told that he can consult with an attorney. *Sweatt*, 940 S.W.2d at 543.

▮ Mr. Akers relies on *Brown v. Director of Revenue*, 34 S.W.3d 166 (Mo.App. W.D.2000), in arguing that the arresting officer is required to inform a driver of his right to consult an attorney prior to requesting him to submit to a chemical test. *Brown* does not support Mr. Akers' argument. In *Brown*, this court held that section 577.041 requires that, upon request, a driver be afforded twenty minutes to contact an attorney after he has been advised of the Implied Consent Law. *Id.* at 174. Furthermore, if the statutory requirement is violated, all of the evidence must be viewed to determine actual prejudice. *Id.* (citing *Teson v. Dir. of Revenue*, 937 S.W.2d 195 (Mo. banc 1996)). In *Brown*, the driver was given twenty minutes to contact an attorney before being advised according to the Implied Consent Law but was unsuccessful in the attempt. *Id.* at 175. When advised according to the statute, the driver again requested to contact legal counsel, and the officer deemed that response a refusal to submit to chemical testing. *Id.* Ten minutes later, the driver expressed a desire to take the test if revocation were to be the consequence of his

continued request to contact counsel, but the officer refused to administer the test. *Id.* This court concluded that section 577.041 was violated and the driver suffered actual prejudice. *Id. Brown* does not support Mr. Akers' contention that section 577.041 requires the arresting officer to inform a driver of his right to consult an attorney prior to requesting the driver to submit to a chemical test.

The Implied Consent Law mandates that a driver arrested for driving while intoxicated be advised of certain information upon being requested to submit to a chemical test so that he may make informed choices about exercising his rights. The driver must be requested to submit to the test and be informed of the reasons for the request, and he must be advised that evidence of refusal to take the test may be used against him and that his driver's license shall be immediately revoked upon refusal to take the test. § 577.041.1. The Implied Consent Law does not require the arresting officer to inform the driver that he has the right to consult an attorney before submitting to the test. Thus, Mr. Akers' refusal to submit to the chemical test was not invalidated by the arresting officer's failure to advise him that he had a right to consult an attorney prior to his refusal. The judgment of the trial court upholding the Director's revocation of Mr. Akers' driving privileges is affirmed.

SMART, P.J., and HARDWICK, J. concur.