

# Missouri Court of Appeals

## Southern District

### Division Two

COLE ANDREW ANYAN, )
)
    Petitioner-Respondent, )
)
vs. ) No. SD32681
)
DIRECTOR OF REVENUE, ) **Filed: March 27, 2014**
STATE OF MISSOURI, )
)
    Respondent-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

Honorable Brandi L. Baird, Associate Circuit Judge

## REVERSED AND REMANDED WITH INSTRUCTIONS

This is an appeal in a driver's license revocation case. Cole Andrew Anyan ("Driver") sought review of the administrative revocation of his driving privileges, and the trial court reinstated the license. The Director of Revenue ("Director") appeals, raising two points. In the first point, Director argues the trial court erred in excluding evidence regarding the field sobriety tests and Driver's refusal to submit to a chemical test based on Driver's invocation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). In the second point, Director argues the trial court's finding that Driver did not refuse to submit to a chemical test of his blood was not supported by substantial evidence. Both arguments

have merit.  Consequently, we reverse the trial court's judgment and remand the case with instructions.

## Factual and Procedural Background

At about 8:30 in the morning on March 2, 2012, Trooper Joseph Peart ("Trooper Peart") of the Missouri State Highway Patrol was checking traffic on eastbound I-44 when he noticed a black Ford passenger car.  The Ford was following the car in front of it too closely.  Trooper Peart initiated a traffic stop.

Both cars pulled to the side of the road, but as Trooper Peart exited his patrol vehicle to approach the Ford, the Ford "took off from the stop at a high rate of speed."  Trooper Peart radioed for assistance, and pursuit of the Ford began.  During the pursuit, the occupants of the vehicle threw a white plastic grocery bag out of the car window.  The Ford exited the freeway at mile marker 208 in Cuba, Missouri.  In Cuba, Trooper Peart lost sight of the vehicle.

Trooper Peart communicated this information to the local authorities, and the local authorities told him a witness had seen the vehicle pull into the parking lot of an auto parts store.  Trooper Peart traveled to the store and located the vehicle.  The Ford had been abandoned, and when Trooper Peart opened the door, he "noticed a strong odor of marijuana."

Other officers located Driver at a nearby supermarket and brought him back to the vehicle's location.  Trooper Peart advised Driver of his *Miranda* rights, and Driver "explained he was not saying anything besides his name and address."  Trooper Peart searched the vehicle and discovered $301 in cash in the center console.

2

Trooper Peart transported Driver to the Crawford County Jail. At the jail, Trooper Peart asked Driver to complete field sobriety tests, and Driver agreed. Trooper Peart administered the Romberg Balance Test, the Walk and Turn Test, and the One Leg Stand Test. Driver demonstrated signs of intoxication on each of those tests. Based on the test results, Trooper Peart concluded Driver was intoxicated, and asked Driver to submit to a chemical test. Driver spoke with his attorney and then refused to give a breath or urine sample. Trooper Peart issued Driver a notice of revocation of his driving privileges.

Meanwhile, other officers went to search for the plastic grocery bag that had been discarded from the Ford during the chase. The plastic bag was found and contained approximately 122 grams of marijuana in four separate baggies.

Driver filed a petition for review of his driver's license revocation. The trial court held a hearing at which Trooper Peart and Driver testified. Trooper Peart testified regarding the circumstances of Driver's arrest, as described above. Driver testified he fled from the officer because he had illegal material in his car and denied he had been smoking any of that material. Driver admitted he had been arrested and testified that he refused to submit to a chemical test.

The trial court subsequently entered written findings of fact and conclusions of law. The trial court found Driver's flight from the scene and smell of marijuana were not indicators of intoxication but merely evidence showing Driver had possessed marijuana. The trial court then noted Driver's invocation of his *Miranda* rights and refused to consider any evidence obtained after the invocation. Thus, the trial court found Driver "did not refuse to submit to any

3

chemical test[.]"  As a result of these findings, the trial court reinstated Driver's driving privileges.

Director appealed.

## Discussion

### *Statutory Framework and Standard of Review*

Under Missouri's Implied Consent Law, any person operating a motor vehicle on Missouri highways "shall be deemed to have given consent to . . . a chemical test . . . for the purpose of determining the alcohol or drug content of the person's blood" if certain statutory prerequisites are met.  *See* § 577.020.1. [1] Thus, if a driver refuses to take a test after being stopped for driving while intoxicated and being asked to take a test, "the person's license shall be immediately revoked[.]"  § 577.041.1.

A driver whose license has been revoked under the implied consent law has a right to have the revocation reviewed in the circuit court of the county in which the stop or arrest occurred.  § 577.041.4.  When reviewing the administrative revocation of a driver's license based on a driver's refusal to submit to a chemical test of his or her blood, "the trial court's inquiry is specifically limited to three issues:  whether the person was arrested or stopped; whether the officer had reasonable grounds to believe that the driver was driving while in an intoxicated or drugged condition; and whether the driver refused to submit to a chemical test."  ***Wei v. Dir. of Revenue***, 335 S.W.3d 558, 564 (Mo. App. S.D. 2011); § 577.041.4.  "Failure to prove all three elements will result in reinstatement of the driver's license."  ***Coffin v. Dir. of Revenue***, 277 S.W.3d

---

[1] All statutory references are to RSMo Cum. Supp. (2013).

865, 868 (Mo. App. W.D. 2009) (quoting ***Warner v. Dir. Of Revenue***, 240 S.W.3d 745, 749 (Mo. App. W.D. 2007)).

Appeals arising from circuit court review of driver's license revocations are governed by the same standard of review as other court-tried civil cases. ***White v. Dir. of Revenue***, 321 S.W.3d 298, 307 (Mo. banc 2010).[2] That is, "the judgment of the trial court will be affirmed unless there is no substantial evidence to support it, the judgment is against the weight of the evidence, or the trial court erroneously declared or applied the law." ***Wei***, 335 S.W.3d at 560. Legal issues are reviewed *de novo*. ***White***, 321 S.W.3d at 308. "When the facts relevant to an issue are contested, the reviewing court defers to the trial court's assessment of the evidence." ***Id.***

### Miranda Is Not Applicable

In Point I, Director argues the trial court erred in excluding the evidence regarding the field sobriety tests and Driver's refusal to submit to a chemical test because ***Miranda v. Arizona***, 384 U.S. 436 (1966), does not apply in civil cases. This argument is correct.

The ***Miranda*** rule does not require warnings prior to testing for intoxication. *See, e.g.*, ***State v. Schroeder***, 330 S.W.3d 468, 474 n.5 (Mo. banc 2011); ***Spradling v. Deimeke***, 528 S.W.2d 759, 764 (Mo. 1975); ***Sweatt v. Dir. of Revenue***, 940 S.W.2d 540, 542-43 (Mo. App. S.D 1997). Defendant's invocation of his ***Miranda*** rights was irrelevant to the admissibility of the evidence in this civil proceeding.

---

[2] Although ***White*** involved a suspension under § 302.535, the Supreme Court of Missouri "has cited to [S]ection 577.041 cases interchangeably with [S]ection 302.535 cases when discussing the issues related to probable cause, the standard of review, and the deference given to implicit and explicit factual findings." ***White***, 321 S.W.3d at 305 n.6.

Director suggests that once we have determined the trial court erred in excluding the evidence obtained after Driver invoked his *Miranda* rights, we may determine as a matter of law that Trooper Peart had reasonable grounds to believe Driver operated his vehicle while in a drugged condition. Director is incorrect in this respect.

"The term 'reasonable grounds' is virtually synonymous with 'probable cause'" in the context of driver's license revocation cases. *Coffin*, 277 S.W.3d at 868. "The trial court's probable cause determination is reviewed in a two-step analysis: (1) a determination of the historical facts; and (2) the application of the law to those facts." *Warren v. Dir. of Revenue*, 416 S.W.3d 335, 340 (Mo. App. S.D. 2013) (quoting *Holloway v. Dir. of Revenue,* 324 S.W.3d 768, 773 (Mo. App. S.D. 2010)). During the first step, the appellate court "must defer to the inferences drawn by the trial court from historical facts, including credibility determinations." *Id.* "In the second step, the Court must determine, under *de novo* review, if these historical facts satisfy the relevant statutory standard." *Id.* (quoting *Holloway*, 324 S.W.3d at 774).

Here, because the trial court refused to consider the evidence obtained after Defendant's invocation of his *Miranda* rights, there was no full determination of the historical facts. Consequently, we do not have the record necessary to review the trial court's determination of this issue. *See White*, 321 S.W.3d at 308 (noting the "trial court is free to disbelieve any, all, or none of" the contested evidence). The issue of whether Trooper Peart had reasonable grounds to arrest Driver for driving while in a drugged condition must be considered

6

again on remand, taking into account the evidence of the field sobriety tests and Driver's refusal to submit to a chemical test.

The trial court erred in failing to consider the evidence regarding the events after Driver's invocation of his ***Miranda*** rights. Director's first point is granted.

***Refusal***

In Point II, Director argues the trial court's judgment was not supported by substantial evidence "because [Driver] admitted all the facts the Director was required to demonstrate to prove that [Driver] refused to submit to a chemical test[.]" This argument also has merit.

"A 'refusal' occurs when a person fails, of his or her own volition, to do what is necessary in order for the test at issue to be performed." ***Bruce v. Dir. of Revenue***, 323 S.W.3d 116, 121 (Mo. App. W.D. 2010). That is, "[a] refusal occurs, in response to a request by an officer to submit to a chemical test, by expressly saying, 'I refuse' or using similar language; by remaining silent; or by not blowing into the Breathalyzer." ***Rogers v. Dir. of Revenue***, 184 S.W.3d 137, 142 (Mo. App. W.D. 2006) (quoting ***Roberts v. Wilson***, 97 S.W.3d 487, 493 (Mo. App. W.D. 2012)).

Here, Driver testified at trial. Driver stated he was arrested and admitted he refused to submit to a chemical test. While it is generally true that the trial court is not necessarily required to believe any testimony presented, *see* **White**, 321 S.W.3d at 305, this factual issue was not presented to the trial court for consideration because the facts were uncontested. "[W]hen the evidence is *uncontested* . . . no deference is due to the trial court's findings." ***Id.*** at 307.

7

Evidence is uncontested when the case "involves only stipulated facts" or "when a party 'has admitted in its pleadings, by counsel, or *through the [party's] individual testimony* the basic facts of [the other party's] case." ***Id.*** at 308 (quoting ***All Am. Painting, LLC, v. Fin. Solutions and Assocs. Inc.***, 315 S.W.3d 719, 723 (Mo. banc 2010)) (emphasis added). Driver admitted in his individual testimony that he was arrested and that he refused to submit to a chemical test. That admission removed the factual issue of refusal from the trial court's consideration.

Director's second point is granted.

## Decision

The trial court's judgment is reversed, and the case is remanded for further proceedings. On remand, the trial court is ordered to (1) consider the evidence obtained after Driver invoked his ***Miranda*** rights and determine its credibility and weight and (2) render judgment as appropriate in light of that factual determination.

MARY W. SHEFFIELD, J. - OPINION AUTHOR

GARY W. LYNCH, J. - CONCURS

DON E. BURRELL, J. - CONCURS

8