

# Missouri Court of Appeals

### Southern District

### Division Two

JOSEPH DEWAYNE NEFF,                    )
                                        )
      Petitioner-Appellant,           )
                                        )
v.                                      )        No. SD32960
                                        )
DIRECTOR OF REVENUE,                    )        **Filed: July 30, 2014**
                                        )
      Respondent-Respondent.          )


### APPEAL FROM THE CIRCUIT COURT OF CRAWFORD COUNTY

### Honorable Scott Bernstein, Associate Circuit Judge


### REVERSED AND REMANDED WITH DIRECTIONS

The Director of Revenue ("the Director") revoked the driving privileges of Joseph Dewayne Neff ("Driver") for one year pursuant to section 577.041[1] for refusing to submit to a breath test. Driver filed a petition for review with the circuit court, which upheld the revocation in a judgment entered June 27, 2013.

Driver now appeals, claiming the Director "produced absolutely no evidence at trial that the arresting officer ever informed [Driver] of any of the information required by [section] 577.041 or the Missouri Implied Consent Law." We agree.[2]

---

[1] All statutory references are to RSMo Cum. Supp. 2012.
[2] To his credit, the Director also agrees, having filed with this court a "CONFESSION OF ERROR" that admits the trial court erred in "sustaining the Director's revocation of [Driver]'s driving privileges . . . in

**Facts and Procedural History**

The May 28, 2013 post-revocation trial was a model of brevity if not efficacy, being reproduced on a mere 10½ pages of transcript. The only evidence presented on the Director's behalf was oral testimony from Todd Hickey, an officer with the Cuba Police Department. Officer Hickey testified that he received a dispatch on October 3, 2012 between 3 and 4 o'clock in the afternoon "regarding an intoxicated driver[.]" Officer Hickey drove to the area described, and he saw a black vehicle in a driveway that matched the description of the vehicle he had been given. Officer Hickey approached Driver, who was sitting in the driver's seat of the vehicle. Based on his interaction with Driver, Officer Hickey believed Driver to be intoxicated, and he attempted, apparently unsuccessfully at first, to place Driver under arrest.

Regarding Driver's refusal to take a breath test, Officer Hickey was asked only the following questions, to which he provided the following responses.

Q[:] Did you ask [Driver] to give a breath test?

A[:] Yes, I did.

Q[:] Did he comply?

A[:] No, he did not.

No other evidence touching upon the matter was adduced.

At the close of the evidence, Driver's attorney argued to the trial court that "there's got to be an informed refusal, and there was absolutely no testimony whatsoever that [Driver] was informed of his Missouri Implied Consent. Without implied consent, it's not a refusal for the purposes of a [section] 577.041 hearing. It's got to be informed."

that [the Director] did not show that [Driver] was given the statutorily required warning informing him of the consequences of refusing to submit to a breath test."

2

**Analysis**

"We will affirm the trial court's judgment unless it is not supported by substantial evidence, is against the weight of the evidence or erroneously declares or applies the law." ***Davis v. Dir. of Revenue***, 346 S.W.3d 319, 322 (Mo. App. E.D. 2011). "[T]he burden of proof, including the burden of production of evidence, is upon [the] Director." ***Warren v. Dir. of Revenue***, 416 S.W.3d 335, 339 (Mo. App. S.D. 2013).

Although our high court has stated that the issues in a revocation case "are limited to: (1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test[,]" ***Hinnah v. Dir. of Revenue***, 77 S.W.3d 616, 620 (Mo. banc 2002) (citing section 577.041.5), "[r]evocation of a driver's license for refusal to submit to a chemical test is [also] conditioned upon the arresting officer making a statutorily sufficient request that the driver take the test." ***Akers v. Dir. of Revenue***, 193 S.W.3d 325, 328 (Mo. App. W.D. 2006).

> For a refusal to be valid under [section] 577.041, such that the Director may revoke a driver's license, the driver must have been given the Implied Consent Warning and an opportunity to contact an attorney if he so requests. *See White*[ *v. Director of Revenue*], 255 S.W.3d [571,] 580[ (Mo. App. S.D. 2008)]. The pertinent part of [s]ection 577.041 reads:
>
> > The request of the officer [to submit to a chemical test] shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test.
>
> This portion of the statute is commonly referred to as the Implied Consent Warning.

3

*Davis*, 346 S.W.3d at 322.

Here, as the Director concedes, there was no evidence before the trial court that Officer Hickey gave the Implied Consent Warning to Driver. Driver's point is granted, the judgment is reversed, and the cause is remanded to the trial court to enter an order directing the Director to set aside the revocation of Driver's license.


DON E. BURRELL, J. - OPINION AUTHOR

MARY W. SHEFFIELD, P.J. - CONCURS

NANCY STEFFEN RAHMEYER - J. - CONCURS