

# Missouri Court of Appeals

## Southern District

### Division One

JACOB DANIEL SIMON, )
                            )
    Petitioner-Appellant, )
                            )
vs. )    No. SD34304
                            )
DIRECTOR OF REVENUE, )    **Filed: October 27, 2016**
STATE OF MISSOURI, )
                            )
    Respondent-Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY

Honorable Larry W. Winfrey Jr.

**<u>AFFIRMED</u>**

Jacob Daniel Simon ("Driver") appeals from the trial court's judgment affirming the administrative revocation of his driver's license. Driver argues it was against the weight of the evidence for the trial court to find Driver did not make a statutorily valid refusal to submit to a breath alcohol test. Driver's argument is without merit, and the trial court's judgment is affirmed.

### **Factual and Procedural Background**

On August 1, 2015, Missouri State Park Ranger, Terry Shaw ("Ranger Shaw"), stopped Driver in Bennett Spring State Park for driving while

intoxicated. During the course of the stop, Driver stated he had been drinking, showed several indicators of intoxication on each field sobriety test administered and refused to complete a portable breath test. Driver stated, "Well, I'm not going to blow. I'm not going to blow at the jail either. You can just arrest me then." At the jail, Ranger Shaw read Driver the provisions of the implied consent law from a form, and Driver again refused to take a breath test. Ranger Shaw issued Driver a revocation notice for refusal to submit to the breath alcohol test.

Driver filed a petition for review of the revocation. A trial was held on December 9, 2015, and the trial court upheld the revocation. Driver appeals.

## Discussion

Driver's sole point on appeal is an against-the-weight-of-the-evidence challenge alleging Driver did not have sufficient information to make a statutorily valid refusal to submit to the breath test. He argues he was not advised of the purpose of the test because Ranger Shaw failed to check one box on the alcohol influence report form. The box that remained unchecked was located next to the statement which informs the suspect that the purpose of the breath test is to determine the alcohol content of the suspect's blood. For this reason, Driver argues his refusal was not a valid statutory refusal. Driver's argument ignores the standard of review and ignores Ranger Shaw's testimony.

"In appeals from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *White v. Director of Revenue*, 321 S.W.3d 298, 307-08 (Mo. banc 2010). "When the facts relevant to an issue are contested, the reviewing court defers to the trial

court's assessment of the evidence." *Id.* at 308. "A trial court is free to disbelieve any, all, or none of that evidence." *Id.*

Even though an against-the-weight analysis requires some consideration of evidence contrary to the result below, the appellate court still must defer to the credibility determinations made by the trial court. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo. App. S.D. 2010). Such an argument requires the appellant to:

> (1) identify the trial court's finding he seeks to challenge as against the weight of the evidence; (2) identify all favorable evidence submitted during trial that would support that finding; (3) identify evidence contrary to the trial court's finding; and (4) explain why, in light of the whole record, the supporting evidence is so lacking in probative value that the trier of fact should have reached a different conclusion.

*O'Gorman & Sandroni, P.C. v. Dodson*, 478 S.W.3d 539, 544 (Mo. App. E.D. 2015). "Where the appellant fails to follow this framework, the appellant's argument is 'analytically useless and provides no support' for his or her challenge." *Id.* (quoting *In re Marriage of McDaniel*, 419 S.W.3d 828, 833 (Mo. App. S.D. 2013)).

The issues in a revocation case based on a refusal to submit to a chemical test are: "(1) whether or not the person was arrested or stopped; (2) whether the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether or not the person refused to submit to the test[.]" *Neff v. Director of Revenue*, 437 S.W.3d 394, 396 (Mo. App. S.D. 2014) (quoting *Hinna v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002)). "Should the trial court determine any issue not to be in the affirmative, the Director shall be ordered to

3

reinstate the driver's license." ***Mayfield v. Director of Revenue***, 100 S.W.3d 847, 849 (Mo. App. S.D. 2003). As previously stated, Driver concedes the only issue here is whether Driver refused to submit to a breath test.

The implied consent law demands that an arrestee receive certain information prior to being asked to submit to a chemical test to determine blood alcohol content. § 577.041.1;[1] ***Mayfield***, 100 S.W.3d at 850. Specifically,

> [t]he request of the officer shall include the reasons of the officer for requesting the person to submit to a test and also shall inform the person that evidence of refusal to take the test may be used against such person and that the person's license shall be immediately revoked upon refusal to take the test.

§ 577.041.1. Thus, "[r]evocation is conditioned upon an officer making a 'statutorily sufficient "request"' that a driver submit to chemical testing." ***Mayfield***, 100 S.W.3d at 850 (quoting ***McMaster v. Lohman***, 941 S.W.2d 813, 816 (Mo. App. W.D. 1997)). "No refusal is valid if this statutorily necessary information is not conveyed." ***Id.*** (quoting ***Hinton v. Director of Revenue***, 990 S.W.2d 207, 208 (Mo. App. W.D. 1999)).

Nevertheless, "[n]o particular words need to be used by the officer so long as he accompanies the request with the requirements of the statute as to the reasons for the request and the possibility of license revocation if the request is refused." ***Sell v. Goldberg***, 601 S.W.2d 665, 666 (Mo. App. S.D. 1980). For example, an inference that the officer conveyed the necessary information may be inferred from the fact that the officer explained the test procedure to the driver. ***Corum v. McNeill***, 716 S.W.2d 915, 917 (Mo. App. E.D. 1986).

---

[1] All statutory references are to RSMo Cum. Supp. (2013).

Here, there was ample evidence from which the trial court could reasonably infer Ranger Shaw read Driver the statement that the purpose of the test was to determine the alcohol content of Driver's blood. At trial, when discussing the alcohol influence report, Ranger Shaw explained he "read [Driver] [the] Implied Consent." The prosecutor then asked Ranger Shaw whether he used the alcohol influence report form, and Ranger Shaw replied, "I explained to him, you know, went over the AIR, read him Implied Consent. . . . There's so many things on that form, I make sure I go from one end to the other of it[.]" He also testified, "I read every single thing on those pages." During the prosecutor's questioning, Ranger Shaw was further asked:

Q. You read word for word; is that right?

A. Yes, yes.

Q. Okay. When you get finished, last question, having been informed of the reasons for the requesting the test, will you take the test, what's he say?

A. He says he would not.

After Ranger Shaw finished testifying, the trial court received Exhibit A which included a copy of the alcohol influence report. The portion of the alcohol influence report which dealt with the implied consent warning is shown below:

| ☒1. You are under arrest and I have reasonable ground to believe you were driving a motor vehicle while you were in an intoxicated or drugged condition | ☐1. You have been stopped and are under the age of 21; I have reasonable grounds to believe that you were driving a motor vehicle with a blood alcohol content of .020% or more |
| --- | --- |

☐2. To determine the alcohol or drug content of your blood, I am requesting you submit to a chemical test of your
☒ Breath  ☐ Blood  ☐ Other _____ (Check no more than two)
☒3. If you refuse to take the test(s), your driver license will immediately be revoked for one year.
☒4. Evidence of your refusal to take the test(s) may be used against you in prosecution in a court of law.
☒5. Having been informed of the reasons for requesting the test(s) will you take the test(s)?  ☐ Yes  ☒ No  Time: ___0138___ (MIL)
If subject refused test(s), was an attorney requested prior to refusal?  ☐ Yes  ☒ No  If yes, time subject asked for attorney:

Together, Ranger Shaw's testimony and the form allow an inference that Driver was informed of the purpose of the test.

Defendant relies on the fact that Ranger Shaw answered "Yes" when the prosecutor asked whether Ranger Shaw read Driver "every mark that [he] checked on page 2 of" the alcohol influence report. Defendant claims this testimony, combined with the fact that the box next to the assertion that the purpose of the test was to determine Driver's blood alcohol content was not checked, shows Driver was not actually informed the purpose of the test was to determine Driver's blood alcohol content. However, Ranger Shaw testified he did read "every single thing on those pages[,]" and the trial court was entitled to believe this testimony. That evidence is favorable to the trial court's finding so without accounting for that evidence and explaining how it lacks probative value, Driver's argument is "analytically useless." *See **O'Gorman**, 478 S.W.3d at 544. The trial court's finding was not against the weight of the evidence.

## Decision

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, C.J. – OPINION AUTHOR

JEFFREY W. BATES, P.J. – CONCURS

DON E. BURRELL, J. – CONCURS

6